1  Horace W. Green (SBN 115699)
   C. Mark Humbert (SBN 111093)
2  GREEN & HUMBERT
   220 Montgomery Street, Suite 438
3  San Francisco, California 94104
   Telephone: (415) 837-5433
4  Facsimile:  (415) 837-0127

5
   Attorneys for Defendant
6  RELIANCE STANDARD LIFE INSURANCE COMPANY

7

8                    **UNITED STATES DISTRICT COURT**

9
                    **NORTHERN DISTRICT OF CALIFORNIA**
10
   FREDERICK WRIGHT,                   )  CV  08       0675
11                                     )  Case No.
              Plaintiff,               )
12                                     )  **NOTICE OF REMOVAL OF CIVIL ACTION
              v.                       )  TO UNITED STATES DISTRICT COURT**
13                                     )
   RELIANCE STANDARD LIFE              )  [28 U.S.C. § 1332, 1446(b)]
14 INSURANCE COMPANY and DOES 1        )
   through 50,                         )
15                                     )
              Defendant.               )
16 _____)

17

18 TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF

19 CALIFORNIA:

20          PLEASE TAKE NOTICE that Defendant Reliance Standard Life Insurance

21 Company hereby gives notice to this Court of removal of the above-entitled action from

22 the Superior Court of the State of California in and for the County of San Mateo to the

23 United States District Court for the Northern District of California pursuant to 28 U.S.C.

24 Section 1332.  Defendant hereby files this Notice in support of removal.  Defendant

25 states that removal is proper for the reasons set forth herein:

26          //

27          //

28          //

1       1.    Plaintiff filed the complaint in this action in the Superior Court of California

2    for the County of San Mateo on December 7, 2007.   In that court, the case bears the

3    number CIV 468339. True and correct copies of all pleadings received by Defendant to

4    date are attached hereto as Exhibit A.  The Complaint purports to allege a cause of

5    action for breach of contract and breach of the covenant of good faith and fair dealing

6    based on the failure to provide disability benefits.

7    **TIMELINESS**

8       2.    Reliance Standard Life Insurance Company was served with the

9    Summons and Complaint on January 3, 2008 (via service on CT Corporation).

10      3.    Thirty days have not yet passed since the receipt by any defendant of the

11   initial pleading in this action.  Hence, the time prescribed by 28 U.S.C. Section 1446(b)

12   within which Defendant may remove this action to the United States District Court has

13   not yet expired.

14   **JURISDICTION - DIVERSITY**

15      4.    Based on the allegations of the Complaint, Plaintiff is of diverse citizenship

16   from Defendant Reliance Standard Life Insurance Company.

17      5.    Based on Defendant's information and belief, Plaintiff, Frederick Wright, is

18   a citizen of the State of California.

19      6.    Defendant Reliance Standard Life Insurance Company is, and at all times

20   material hereto was, a corporation duly organized and existing under and pursuant to

21   the laws of the State of Illinois, with its principal place of business in Pennsylvania.

22   Thus, Reliance Standard was and is a citizen of the State of Illinois at the time of the

23   filing of the Complaint and at the time of the filing of this Notice.

24      7.    The other defendants named in the Complaint are merely fictitious parties

25   identified as "DOES 1-50" whose citizenship shall be disregarded for purposes of

26   removal.  28 U.S.C. Section 1441(a).

27      8.    No other defendant has appeared in this action.

28   //

9.    Therefore, there exists complete diversity between Plaintiff and Defendant.

10.    The amount in controversy alleged by Plaintiff in this action exceeds $75,000 exclusive of interest and costs. This action involves a claim for benefits under a long-term disability policy. Plaintiff alleges that Reliance Standard is obligated to pay past and future disability benefits pursuant to the terms of the policy. The back benefits alleged to be sought by Plaintiff from March 2006 through the date of filing of the Complaint exceed the threshold amount for removal of diversity actions.   Plaintiff also prays for special and economic damages, attorney's fees according to proof, punitive damages, and pre- and post- judgment interest.

11.    The combined alleged damages sought in the Complaint well exceed the jurisdictional minimum of this Court. *See Richmond v. Allstate Ins. Co.*, 897 F.Supp. 447 (S.D. Cal. 1995)(holding that alleged damages for emotional distress, punitive damages and attorney's fees in amounts to be proven at trial are to be considered in calculating the amount in controversy); *Simmons v. PCR Technology,* 209 F.Supp.2d 1029 (N.D. Cal. 2002).

12.    This Court has original jurisdiction over this action, and the action may accordingly be removed to this Court, under 28 U.S.C. Sections 1332 and 1441(b) because it is a civil action where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is properly between citizens of different states.

13.    Therefore, Defendant files this Notice of Removal of this action from the Superior Court of the State of California in and for the County of San Mateo, in which it is now pending, to the District Court of the United States for the Northern District of California. Attached to this Notice, marked as Exhibit A and incorporated herein by reference, is a copy of all pleadings, process and orders filed in this action in the Superior Court of the State of California in and for the County of San Mateo and received by Defendant.

//

1 | //

2 | //

3 |      WHEREFORE, Defendant requests that this action be removed from the Court of

4 | the State of California for the County of San Mateo the United States District Court for

5 | the Northern District of California.

6 |

7 | DATED:  January 28, 2008            GREEN & HUMBERT

8 |

9 |                                       By: _____
                                         Horace W. Green

10 |

11 |                                       Attorneys for Defendant
                                      RELIANCE STANDARD LIIFE INSURANCE
                                      COMPANY

12 |

1    **PROOF OF SERVICE**

2    STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

3         I am employed in the County of San Francisco, State of California.  I am over the

4    age of 18 years and not a party to the within action; my business address is: Green &

5    Humbert, 220 Montgomery Street, Suite 438, San Francisco, California 94104.

6    On **January 28, 2008**, I served document(s) described as **NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT [28 U.S.C. SECTIONS 1331,
7    1332, 1441, 1446]** on the interested parties in this action by placing [ ] the original [X] a true copy thereof enclosed in a sealed envelope addressed as follows:
8

**Attorney for Plaintiff:**
9    Guy O. Kornblum, Esq.
     Guy Kornblum & Associates
10   1388 Sutter Street, Suite 820
     San Francisco, CA  94109
11
     [X]  **BY MAIL**
12
          [X]  I deposited such envelope in the mail at San Francisco, California.  The
13        envelope was mailed with postage thereon fully prepaid.

14        [X]  I am "readily familiar" with the firm's practice of collection and processing
          correspondence for mailing.  Under that practice it would be deposited with
15        U.S. Postal Service on that same day with postage thereon fully prepaid at
          San Francisco, California in the ordinary course of business.  I am aware that
16        on motion of the party serviced, service is presumed invalid if postage
          cancellation date or postage meter date is more than one day after the date
17        of deposit mailing in affidavit.

18   [X]  **(FEDERAL)**      I declare that I am employed in the office of a member of the bar of
                             this Court at whose direction the service was made.  Executed at
19                           San Francisco, California on **January 28, 2008**.

20

21   NAME:  Zhong Lei                    _____
                                              (Signature)
22

23

24

25

26

27

28

Ja -03-2008  12:05    From-GUY KORNBLUM & ASSOCIATES          4154407898          T-438   P 002   F-484

1/3/08 → 2 300.

## SUMMONS
### (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
RELIANCE STANDARD LIFE INSURANCE COMPANY, a corporation;
and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTA DEMANDANDO EL DEMANDANTE):**
FREDERICK WRIGHT

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**E-FILED**
SAN MATEO COUNTY

**Dec 10 2007**

Clerk of the Superior Court
By     U. FINAN
DEPUTY CLERK

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

| The name and address of the court is: (El nombre y dirección de la corte es): | CASE NUMBER: (Número del Caso): New Filing CIV 468339 |
|---|---|

Superior Court of California, County of San Mateo
400 County Center
Redwood City, California 94063

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Guy O. Kornblum, Esq. (SBN 39974)          GUY KORNBLUM & ASSOCIATES
1388 Sutter Street, Suite 820              San Francisco, California 94109
(415) 440-7800

| DATE (Fecha) 12/10/07 | Clerk, by JOHN C. FITTON (Secretario) | U Finau | , Deputy (Adjunto) |
|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010).)

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): Reliance Standard Life Insurance Company, a corporation
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)
Martin Dean's Essential Forms TM

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Wright v. Reliance Standard Life

11620037.tif - 1/3/2008 12:13:45 PM

**GUY KORNBLUM &
ASSOCIATES**
ATTORNEYS

GUY O. KORNBLUM (39974)
MARIA T. MANNING (239830)
1388 Sutter Street, Suite 820
San Francisco, California 94109
Telephone: (415) 440-7800
Facsimile: (415) 440-7898

Attorneys for Plaintiff
FREDERICK WRIGHT

**E-FILED**
SAN MATEO COUNTY

**Dec 07 2007**

Clerk of the Superior Court
By _____ U. Finau
DEPUTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN MATEO

FREDERICK WRIGHT,

    Plaintiff,

    v.

RELIANCE STANDARD LIFE INSURANCE
COMPANY, a corporation; and DOES 1 through 50,
inclusive,

    Defendants.

NO. **CIV 468339**

**COMPLAINT FOR: 1) BREACH OF
AN INSURANCE CONTRACT; 2)
DECLARATORY RELIEF;
3) BREACH OF THE COVENANT
OF GOOD FAITH AND FAIR
DEALING.**

**DEMAND FOR JURY TRIAL**

## INTRODUCTION

Plaintiff FREDERICK WRIGHT ("Plaintiff") alleges as follows:

    1.    Plaintiff is a citizen of the State of California, who currently resides in El
Granada in the County of San Mateo, State of California. All of the wrongs described herein
occurred in California.

    2.    At all times described herein, RELIANCE STANDARD LIFE INSURANCE
COMPANY ("RELIANCE STANDARD") was, and is, a corporation authorized to do business as an
insurance company in the State of California and was, and is, doing business in the State of
California. Plaintiff is informed and believes that RELIANCE STANDARD's principal place of
business is in Pennsylvania. Accordingly, venue is based on Code of Civil Procedure § 395.

    3.    The true names or capacities, whether individual, corporate, associate or

11620037.W - 1/3/2008 12:13:45 PM

1   otherwise, of Defendants Does 1 through 50, inclusive, are unknown to Plaintiff, who therefore sues

2   said Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true

3   names and capacities when ascertained. Plaintiff is informed and believes and, thereon, alleges that

4   each of the Defendants designated legally and proximately caused injury and damages to Plaintiff as

5   herein alleged and is, therefore, responsible to Plaintiff for the damages herein requested.

6           4.      At all times described herein, Defendants, and each of them, were the agent,

7   servant and employee of each of the remaining Defendants and were, at all times, acting within the

8   purpose, scope and authorization of said agency, service and employment; in addition, each

9   Defendant has ratified and approved the acts of each other Defendant acting for and on behalf of the

10  former.

11          5.      On or about January 1, 2000, RELIANCE STANDARD issued a Group Long-

12  Term Disability Insurance Policy to the City of Vallejo, Policy Number LSC 103976 ("the Policy").

13  The Policy provided for long-term disability coverage for "CLASS 1: Executive Director" in the

14  form of monthly payments (i.e. disability benefits).

15          6.      Plaintiff became an insured under the Policy and was issued a Coverage

16  Booklet which contained a "Schedule of Benefits" representing the name of eligible classes of such

17  long-term disability coverage. Plaintiff belonged in the category of employees under "CLASS 1"

18  because he was an Executive Director, a position requiring him to apply significant intellectual skills,

19  concentration, analysis and executive functioning. Therefore, as detailed in the "Schedule of

20  Benefits," Plaintiff is entitled 66-2/3% of Covered Monthly Earnings, with a maximum monthly

21  benefit of $7,000 for any total disability.

22          7.      On or about August 17, 2003, while vacationing in Canada, Plaintiff fell down

23  a set of stairs of a deck, suffering a severe injury, which resulted in permanent and continual

24  neurological and physical impairments. Plaintiff sought treatment for his injuries. On or about

25  August 19, 2003, Plaintiff was diagnosed with a concussion by a physician in Canada. Plaintiff

26  returned to the U.S. on or about August 21, 2003 and continued treatment for his injuries which

27  included brain trauma, and extreme pain and suffering.

28          8.      As a result of his injury, Plaintiff has suffered physically and emotionally,

Complaint                                                                                          Page 2

11620037.trf - 1/8/2008 12.13:45 PM

1  resulting in a process of intellectual, emotional and physical disabilities causing him to be depressed,

2  lack concentration and focus and suffer other psychological injuries that rendered him totally

3  disabled from his occupation. Plaintiff's occupation required him to concentrate, using his judgment

4  and skills, which he is no longer able to do.

5          9.    As a result of his injuries , Plaintiff suffered, and continues to suffer, from the

6  effects of fatigue, memory problems and significantly impaired concentration. His condition has

7  been treated by physicians who are specialized in the medical fields involved in Plaintiff's condition

8  resulting from his injury.

9          10.    Under the provisions of this insurance coverage, Plaintiff was entitled to

10  a monthly benefit each month during which he meets the standard for "total disability," as provided

11  under the coverage and California law.  The Coverage provides:

12       "Totally Disabled" and "Total Disability" mean, that as a result of an Injury or
     Sickness:

13

14           (1) during the Elimination Period and for the first 24 months for
         which a Monthly Benefit is payable, an Insured cannot perform the

15           material duties of his/her regular occupation;
         ***

16           (2) after a Monthly Benefit has been paid for 24 months, an Insured
         cannot perform the material duties of any occupation.  Any

17           occupation is one that the Insured's education, training or
         experience will reasonably allow. We consider the Insured Totally

18           Disabled if due to an Injury or Sickness he or she is capable of only
         performing the material duties on a part-time basis or part of the

19           material duties on a Full-time basis.

20          11.    RELIANCE STANDARD made monthly disability benefit payments to

21  Plaintiff under the policy commencing on or around October 16, 2003 and continuing through March

22  17, 2006, but withheld funds based on estimated benefits for disability from Social Security for

23  which it believed he would receive because of his injury. As it turned out, Plaintiff was advised by

24  the Social Security Administration that he is not eligible for such benefits (although he recently

25  became age eligible for such). Thus, RELIANCE STANDARD is not entitled to any credit for

26  estimated benefits, and should include the amount of the estimates withheld in a calculation of

27  withheld benefits to which Plaintiff is entitled.

28

Complaint                                            Page 3

12.    Plaintiff has requested that RELIANCE STANDARD refund the monies withheld from Plaintiff's monthly disability benefit payment by RELIANCE STANDARD for such estimated Social Security benefits. Accordingly, on January 12, 2007, Plaintiff advised RELIANCE STANDARD that his Social Security appeal was denied as of December 2006, and requested that he receive full payment of estimated Social Security payments withheld by RELIANCE STANDARD, in accordance with Policy Section 8.0. As set forth below. RELIANCE STANDARD has not taken proper action with respect to these withholdings.

13.    Also, as of April 2006, RELIANCE STANDARD discontinued payment of the monthly benefit to which Plaintiff was and is entitled under the Policy but failed to provide any written notice that such was being done, or provide Plaintiff with any explanation as to why his benefits were being terminated.

14.    On February 27, 2007, in response to Plaintiff's January 12, 2007 letter, RELIANCE STANDARD advised Plaintiff that:

> [u]nder normal circumstances, we would refund any monies withheld for estimated Social Security Disability upon receipt of the denial notice. However, these benefits have been used to offset the total amount of your overpayment.

This position of RELIANCE STANDARD that Plaintiff had been "overpaid" benefits is erroneous, wrongful and without justification.

15.    RELIANCE STANDARD, and Defendants herein, and each of them, now are indebted to Plaintiff for all monthly benefits under the Policy from the time they were unilaterally terminated by them, and for all sums for estimated Social Security benefits which were withheld, which they have refused and are refusing to pay him. As a result of the above, Plaintiff is compelled to bring this lawsuit and incur the attorneys' fees and costs for such, even though it is clear from the medical evidence that Plaintiff has been, and is, entitled to the benefits promised under the Policy. Said Defendants have wrongfully and arbitrarily denied Plaintiff these benefits.

16.    Defendants are looking for a way to eliminate financial exposure. This is done with a view towards wrongfully and improperly reducing Defendants' claims costs and improving their financial condition. Plaintiff believes that Defendants put their own financial interests above

Complaint                                                                                              Page 4

Jan-03-2008  12:06    From-GUY KORNBLUM & ASSOCIATES    4164407898    T-438  P 008  F-464

those of their insureds.  Instead of handling Plaintiff's claim on the merits, Defendants have acted

with a primary goal of reducing claims costs by terminating meritorious claims.

### FIRST CAUSE OF ACTION
### FOR BREACH OF THE INSURANCE CONTRACT

17.    Each of the allegations in Paragraphs 1 through 16, above, is incorporated by

this reference and is made a part of this First Cause of Action as though fully set forth herein.

18.    At all times material herein, a contractual relationship existed between Plaintiff

and Defendants, and each of them.

19.    Plaintiff has performed all conditions required of him in accordance with the

terms of the Policy, including paying the premium charged on a timely basis, and giving Defendants

due and timely notice and proof of his claim.

20.    Defendants, and each of them, have unreasonably delayed and denied — and

will continue to delay and deny — the processing of Plaintiff's claim, have failed to pay him the

monthly benefit to which he is entitled, and, therefore, have breached the important and material

promises they made to him as an insured under this coverage.

21.    As a direct and proximate result of this wrongdoing by Defendants, and each of

them, Plaintiff has suffered damages, both general and special, and will suffer future damages of a

similar nature and kind, in the form of unpaid monthly benefits, plus pre-judgment interest, attorneys'

fees and other economic losses and damages for emotional distress, which are compensable in a case

of this kind.

WHEREFORE, Plaintiff prays for relief as requested in the Prayer of this Complaint.

### SECOND CAUSE OF ACTION
### FOR DECLARATORY RELIEF

22.    Each of the allegations in Paragraphs 1 through 21, above, is incorporated by

this reference and is made a part of this Second Cause of Action as though fully set forth herein.

23.    Because of the unreasonable, wrongful, and bad faith conduct of Defendants,

and each of them, Defendants have created an actual, present and justiciable controversy between the

parties to this action because Defendants have refused to pay Plaintiff the monthly benefit to which he

is entitled.

Complaint                                                                                          Page 5

PAGE 08/40                    RSL CLAIMS ADMIN                267-256-3551              01/15/2008 10:27

Jan-03-2008  12:06    From-GUY KORNBLUM & ASSOCIATES          4154407898          T-438  P.009  F-464

24.     Plaintiff has been declared by competent, medical doctors to be disabled. Nonetheless, Defendants, and each of them, deny that Plaintiff is disabled or that he is entitled to receive the monthly benefit under his Policy.

25.     Plaintiff requests that this Court find and declare that Plaintiff has been and continues to be disabled, and is entitled to receive monthly benefits for the years to which he is entitled under the Policy, and further that he is entitled to receive the sums which were wrongfully withheld as estimated Social Security benefits.

WHEREFORE, Plaintiff prays for Relief as requested in the Prayer of this Complaint.

### THIRD CAUSE OF ACTION
### FOR BREACH OF THE COVENANT
### OF GOOD FAITH AND FAIR DEALING

26.     Each of the allegations in Paragraphs 1 through 25, above, is incorporated by this reference and is made a part of this Third Cause of Action as though fully set forth herein.

27.     As a result of the insurance relationship represented by the Policy, there exists between Plaintiff and Defendants, and each of them, a covenant of good faith and fair dealing which, *inter alia*, requires Defendants to: a) thoroughly investigate Plaintiff's entitlement to monthly benefits for total disability; b) give equal consideration to the interests of the insured with their own interests; and c) not put Defendants' interests above those of Plaintiff. This duty of good faith and fair dealing is a continuing one which requires Defendants, and each of them, to abide by said duty even after this lawsuit is commenced.

28.     Defendants, and each of them, breached this covenant of good faith and fair dealing by acting as alleged herein and also by:

      a.     unreasonably delaying and denying benefits due to Plaintiff;

      b.     failing to thoroughly investigate whether Plaintiff was disabled under the terms of the coverage provided and California law;

      c.     arbitrarily delaying and attempting to deny Plaintiff the benefits to which he is entitled;

      d.     breaching its promises to pay benefits upon proof of disability;

      e.     misrepresenting pertinent facts pertaining to coverage for disability;

Complaint                                                                              Page 6

01/15/2008  10:27    267-256-3551    RSL CLAIMS ADMIN    PAGE  09/40

Jan-03-2006  12:06   From-GUY KORNBLUM & ASSOCIATES         4154407888       T-438  P.010   F-464

        f.    failing to acknowledge and act reasonably promptly upon communications regarding claims arising under the Policy;

        g.    not attempting in good faith to effectuate prompt, fair and adequate settlements of claims in which liability has become reasonably clear;

        h.    unreasonably withholding and failing to pay monthly disability benefits which are due Plaintiff;

        i.    compelling Plaintiff to institute litigation to recover amounts due under the disability insurance Policy, which amounts have been, and continue to be, unreasonably withheld.

29.  At all times during the processing of Plaintiff's claim, Defendants had the resources to promptly and timely evaluate this claim and pay it in a timely manner. Plaintiff, at all times during the pendency of his claim, cooperated with Defendants' requests for information.

30.  As a proximate result of this wrongdoing by Defendants, and each them, Plaintiff has suffered substantial and enduring financial injury and emotional distress in the form of unpaid benefits, future monthly benefits and attorneys' fees incurred for bringing this action to obtain benefits.

31.  Further, Defendants' conduct, as described herein, was malicious, fraudulent and oppressive, as defined in Civil Code § 3294 and entitles Plaintiff to punitive damages by way of example and as a means of punishing Defendants for engaging in such wrongful, despicable, and reprehensible conduct.

WHEREFORE, Plaintiff prays for relief as follows:

1.  For all benefits under the Policy to which Plaintiff is entitled to the date of judgment;

2.  For any appropriate declaration of rights under the Second Cause of Action;

3.  For all special and economic damages to which Plaintiff is entitled, including any award of future benefits;

4.  For damages for financial injury proximately caused by the wrongdoing of Defendants, as proven at trial;

Complaint                                                                                          Page 7

11620037.tif - 1/3/2008 12:13:45 PM

5.    For general damages for emotional distress, which Plaintiff has suffered as a result of the financial losses and injury proximately caused by Defendants;

6.    For attorneys' fees;

7.    For punitive damages because of the malice, oppression and fraud of Defendants in an amount appropriate to punish them and deter others from similarly acting;

8.    For costs of suit incurred herein;

9.    For prejudgment and post judgment interest as determined is appropriate under the law; and

10.    For such other and further relief as is appropriate.

DATED: December 7, 2007.

GUY KORNBLUM & ASSOCIATES

By _____
MARIA T. MANNING
Attorneys for Plaintiff

## DEMAND FOR JURY

Plaintiff hereby demands a trial by jury in this matter on all causes.

DATED: December 7, 2007.

GUY KORNBLUM & ASSOCIATES

By _____
MARIA T. MANNING
Attorneys for Plaintiff

Complaint

Page 8

Jan-03-2008  12:07    From-GUY KORNBLUM & ASSOCIATES    4154407888    T-438  P.013/047  F-464

# NOTICE OF CASE MANAGEMENT CONFERENCE

**FREDERICK WRIGHT**

vs.

**RELIANCE STANDARD LIFE INS CO**

E-FILED
SAN MATEO COUNTY

**Dec 07 2007**

Clerk of the Superior Court

By  D. FINAU
DEPUTY CLERK

Case No.    **CIV 468339**

Date:    **May 01, 2008**

Time:  9:00 a.m.

Dept. 2 – on Tuesday & Friday
Dept. 5 – on Wednesday & Thursday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1. In accordance with applicable California Rules of Court and Local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:
    a. Serve all named defendants and file proofs of service on those defendants with the court within 60 days of filing the complaint (CRC 3.110).
    b. Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.
    c. File and serve a completed Case Management Statement at least 15 days before the Case Management Conference [CRC 3.725]. Failure to do so may result in monetary sanctions.
    d. Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 days before the date set for the Case Management Conference.

> 2. **If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order To Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.**

3. Continuances of case management conferences are highly disfavored unless good cause is shown.
4. Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation To ADR and Proposed Order (see attached form.). If plaintiff files a Stipulation To ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a completed stipulation to another ADR process (e.g., mediation) 10 days prior to the first scheduled case management conference, the case management conference will be continued for 90 days to allow parties time to complete their ADR session. The court will notify parties of their new case management conference date.
5. If you have filed a default or a judgment has been entered, your case is not automatically taken off the Case Management Conference Calendar. If "Does", "Roes", etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.
6. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.
7. The Case Management judge will issue orders at the conclusion of the conference that may include:
    a. Referring parties to voluntary ADR and setting an ADR completion date;
    b. Dismissing or severing claims or parties;
    c. Setting a trial date.
8. The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court website at www.sanmateocourt.org.

* Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least 5 business days prior to the scheduled conference (see attached CourtCall information).

116200971tf - 1/3/2008 12:13:45 PM

Jan-03-2008  12:07    From-GUY KORNBLUM & ASSOCIATES             4154407898          T-438   P 015/047   F-464

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO:                    FAX NO. *(Optional):* | |
| E-MAIL ADDRESS *(Optional):* | |
| ATTORNEY FOR *(Name):* | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | | CASE NUMBER: |
|---|---|---|
| (Check one): ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) | ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

**A CASE MANAGEMENT CONFERENCE is scheduled as follows:**

Date:                    Time:              Dept.:            Div.:              Room:

Address of court *(if different from the address above):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(describe, including causes of action):*

| Form Adopted for Mandatory Use Judicial Council of California CM-110 [Rev. January 1, 2007] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court rules 3.720–3.730 www.courtinfo.ca.gov |
|---|---|---|

11620087.tif - 1/3/2008 12.13.45 PM

01/15/2008 10:27    267-256-3551    RSL CLAIMS ADMIN    PAGE 13/40

Jan-03-2008  12:07    From-GUY KORNBLUM & ASSOCIATES                 4154407898              T-438   P.016/047   F-164

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.  Provide a brief statement of the case, including any damages. (If personal injury damages are sought, specify the injury and
damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost
earnings to date, and estimated future earnings. If equitable relief is sought, describe the nature of the relief.)

[  ]  (If more space is needed, check this box and attach a page designated as Attachment 4b.)

5.  **Jury or nonjury trial**
The party or parties request   [  ] a jury trial   [  ] a nonjury trial   (If more than one party, provide the name of each party
requesting a jury trial):

6.  **Trial date**
a.  [  ]  The trial has been set for (date).
b.  [  ]  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint (if
not, explain):

c.  Dates on which parties or attorneys will not be available for trial (specify dates and explain reasons for unavailability):

7.  **Estimated length of trial**
The party or parties estimate that the trial will take (check one):
a.  [  ]  days (specify number):
b.  [  ]  hours (short causes) (specify):

8.  **Trial representation (to be answered for each party)**
The party or parties will be represented at trial  [  ] by the attorney or party listed in the caption   [  ] by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  Fax number:
f.  E-mail address:
g.  Party represented:
[  ]  Additional representation is described in Attachment 8.

9   **Preference**
[  ]  This case is entitled to preference (specify code section):

10. **Alternative Dispute Resolution (ADR)**
a.  Counsel  [  ] has   [  ] has not   provided the ADR information package identified in rule 3.221 to the client and has
reviewed ADR options with the client.
b.  [  ]  All parties have agreed to a form of ADR. ADR will be completed by (date):
c.  [  ]  The case has gone to an ADR process (indicate status):

CM-110 [Rev. January 1, 2007]                    **CASE MANAGEMENT STATEMENT**                              Page 2 of 4

11620097.tif - 1/3/2008 12:13:45 PM

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.    The party or parties are willing to participate in *(check all that apply)*:
   (1) ☐ Mediation
   (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
   (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
   (4) ☐ Binding judicial arbitration
   (5) ☐ Binding private arbitration
   (6) ☐ Neutral case evaluation
   (7) ☐ Other *(specify)*:

   e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
   f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
   g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption)*:

11. **Settlement conference**
   ☐ The party or parties are willing to participate in an early settlement conference *(specify when)*:

12. **Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:
   b. Reservation of rights:   ☐ Yes   ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

13. **Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
   ☐ Bankruptcy   ☐ Other *(specify)*:
   Status:

14. **Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 14a.
   b. ☐ A motion to   ☐ consolidate   ☐ coordinate   will be filed by *(name party)*:

15. **Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

16. **Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

11620037 M - 1/3/2008 12 18:45 PM

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**
  a. ☐ The party or parties have completed all discovery.
  b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| | | |

  c. ☐ The following discovery issues are anticipated *(specify):*

**18. Economic Litigation**
  a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
  b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**19. Other issues**
  ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify).*

**20. Meet and confer**
  a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

  b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**21. Case management orders**
  Previous case management orders in this case are *(check one):*  ☐ none  ☐ attached as Attachment 21.

**22. Total number of pages attached *(if any):* _____**

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____   ▶ _____
(TYPE OR PRINT NAME)                   (SIGNATURE OF PARTY OR ATTORNEY)

_____   ▶ _____
(TYPE OR PRINT NAME)                   (SIGNATURE OF PARTY OR ATTORNEY)
                                      ☐ Additional signatures are attached

CM-110 [Rev. January 1, 2007]        **CASE MANAGEMENT STATEMENT**                    Page 4 of 4

I1620037.tif - 1/3/2008 12:13:45 PM

Jan-03-2008  12:07    From-GUY KORNBLUM & ASSOCIATES          4154407898          T-439  P.020/047  F-464

Superior Court of California – County of San Mateo

## ADR Stipulation and Evaluation Instructions

In accordance with *Local Rule 2.3(i)(3)*, all parties going to ADR must complete a Stipulation and Order to ADR and file it with the Clerk of the Superior Court. The Office of the Clerk is located at:

>Clerk of the Superior Court, Civil Division
>Attention: Case Management Conference Clerk
>Superior Court of California, County of San Mateo
>400 County Center
>Redwood City, CA 94063-1655

There is no filing fee for filing the stipulation. An incomplete stipulation will be returned to the parties by the Clerk's Office. All stipulations must include the following:

- ❑ Original signatures for all attorneys (and/or parties in pro per);
- ❑ The name of the neutral;
- ❑ Date of the ADR session; and
- ❑ Service List (Counsel need not serve the stipulation on parties).

Parties mutually agree on a neutral and schedule ADR sessions directly with the neutral. If parties would like a copy of the San Mateo County Superior Court's ADR Panelist List and information sheets on individual panelists, they may go to the court's website (see below) or contact the ADR Coordinator at (650) 363-1962 or (650) 599-1070.

### If Filing the Stipulation Prior to an Initial Case Management Conference

To stipulate to ADR prior to the initial case management conference, parties must file a completed stipulation at least 10 days before the scheduled case management conference. The clerk will send notice of a new case management conference date approximately 90 days from the current date to allow time for the ADR process to be completed.

### If Filing Stipulation Following a Case Management Conference

When parties come to an agreement at a case management conference to utilize ADR, they have 21 days from the date of the case management conference to file a Stipulation and Order to ADR with the court [*Local Rule 2.3(i)(3)*].

### Post-ADR Session Evaluations

*Local Rule 2.3(i)(5)* requires submission of post-ADR session evaluations within 10 days of completion of the ADR process. Evaluations are to be filled out by both attorneys and clients. A copy of the Evaluation By Attorneys and Client Evaluation are attached to the ADR Panelist List or can be found on the court's web site.

### Non-Binding Judicial Arbitration

Names and dates are not needed for stipulations to judicial arbitration. The Judicial Arbitration Administrator will send a list of names to parties once a stipulation has been submitted. The Judicial Arbitration Administrator can be contacted at (650) 363-4896. For further information regarding San Mateo Superior Court's ADR program, contact the ADR offices at (650) 599-1070 or the court's ADR web site at **http//www.co.sanmateo.ca.us.sanmateocourts/adr.htm.**

ADR-CV-1 [Rev. 9/04]                                                      www.sanmateocourt.org

11620037 bf - 1/3/2008 12:18:45 PM

## SUPERIOR COURT OF CALIFORNIA – COUNTY OF SAN MATEO

### APPROPRIATE DISPUTE RESOLUTION INFORMATION SHEET

In addition to the court provided voluntary and mandatory settlement conferences, this court has established, in partnership with the community and Bar Association, the Multi-Option ADR Project. Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the San Mateo County Superior Court encourages the parties in civil cases to explore and pursue the use of Appropriate Dispute Resolution

### WHAT IS APPROPRIATE DISPUTE RESOLUTION?

Appropriate Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes that are alternatives to lawsuits. Types of ADR processes include arbitration, mediation, neutral evaluation, mini-trials, settlement conferences, private judging, negotiation, and hybrids of these processes. All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes.

### WHAT ARE THE ADVANTAGES OF USING ADR?

ADR can have a number of advantages over traditional court litigation.

- **ADR can save time**. Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

- **ADR can save money**. By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorney's fees and court expenses).

- **ADR provides more participation**. Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

- **ADR provides more control and flexibility**. Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

- **ADR can reduce stress and provide greater satisfaction**. ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

### Arbitration, Mediation, and Neutral Evaluation

Although there are many different types of ADR processes, the forms most commonly used to resolve disputes in California State courts are Arbitration, Mediation and Neutral Evaluation. The Multi-Option ADR Project a partnership of the Court, Bar and Community offers pre-screened panelists with specialized experience and training in each of these areas.

**Arbitration:** An arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an arbitration award. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitrations can be

## SUPERIOR COURT OF CALIFORNIA – COUNTY OF SAN MATEO

binding or non-binding, as agreed by the parties in writing.

**Mediation:** Mediation is a voluntary, informal, confidential process in which the mediator, a neutral third party, facilitates settlement negotiations. The mediator improves communication by and among the parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

**Neutral Evaluation:** Involves presentations to a neutral third party with subject matter expertise who may render an opinion about the case the strengths and weaknesses of the positions, the potential verdict regarding liability, and a possible range for damages.

## ADR PROCEDURES FOR THE SAN MATEO COUNTY SUPERIOR COURT

- Upon filing a Complaint, the Plaintiff will receive this **information sheet** from the Superior Court Clerk. Plaintiff is expected to include this information sheet when he or she **serves the Complaint on the Defendant.**

- All parties to the dispute may voluntarily agree to take the matter to an ADR process. A stipulation is provided here. Parties chose and contact their own ADR provider. A Panelist List is available on-line.

- If the parties have not agreed to use an ADR process, an initial Case Management Conference ("CMC") will be scheduled within 120 days of the filing of the Complaint. **An original and copy of the Case Management Conference Statement must be completed and provided to the court clerk no later than 15 days prior to the scheduled conference.** The San Mateo County Superior Court Case Management Judges will strongly encourage all parties and their counsel to consider and utilize ADR procedures and/or to meet with the ADR director and staff where appropriate.

- If the parties voluntarily agree to ADR, the parties will be required to sign and file a **Stipulation and Order to ADR.**

- A timely filing of a stipulation (at least 10 days prior to the CMC) will cause a notice to vacate the CMC. ADR stipulated cases (other than judicial arbitration) will be continued for further ADR/Case Management status review in 90 days. If the case is resolved through ADR, the status review date may be vacated if the court receives a dismissal or judgment. The court may upon review of case information suggest to parties an ADR referral to discuss matters related to case management, discovery and ADR.

- Any ADR Services shall be paid for by the parties pursuant to a separate ADR fee agreement. The ADR Director may screen appropriate cases for financial aid where a party is indigent.

- Local Court Rules require your cooperation in evaluating the ADR Project and will expect a brief evaluation form to be completed and submitted within **10 days of completion of the process.**

**Information: For ADR forms go to the local forms section of the courts website:**
**www.co.sanmateo.ca.us/sanmateocourts/adr.htm.**
**For more information contact the Multi-Option ADR Project, 400 County Center, Redwood City, CA**
**94063, (650) 363-1962 or (650) 599-1070; fax 650/599-1754**

ADR-CV-8 [Rev. 9/04]              Page 2 of 2              www.sanmateocourt.org

Jan-03-2008  12:08    From-GUY KORNBLUM & ASSOCIATES          4154407898        T-438  P 025/047  F+464

| Attorney or Party without Attorney<br>(Name, Address, Telephone, Fax, State Bar membership number): | Court Use Only |
|---|---|
| **Superior Court of California, County of San Mateo**<br>Hall of Justice and Records<br>**400 County Center**<br>Redwood City, CA 94063-1655  (650) 363-4711 | |
| Plaintiff(s): | Case Number: |
| Defendant(s): | Current CMC Date: |

### STIPULATION AND ORDER TO APPROPRIATE DISPUTE RESOLUTION

Plaintiff will file this stipulation with the Clerk's Office 10 days prior to or 3 weeks following the first Case Management Conference unless directed otherwise by the Court and ADR Director [*Local Rule 2.3(i)(3)*]. Please attach a Service List.

The parties hereby stipulate that all claims in this action shall be submitted to (select one):

☐ Voluntary Mediation                 ☐ Binding Arbitration (private)
☐ Neutral Evaluation                  ☐ Settlement Conference (private)
☐ **Non-Binding Judicial Arbitration CCP 1141.12**    ☐ Summary Jury Trial
☐Other: _____

Case Type: _____
Neutral's name and telephone number: _____
Date of session: _____
(Required for continuance of CMC except for non-binding judicial arbitration)
Identify by name the parties to attend ADR session: _____

ORIGINAL SIGNATURES

_____          _____
Type or print name of ☐Party without attorney      ☐Attorney for (Signature)

☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant    Attorney or Party without attorney

_____          _____
Type or print name of ☐Party without attorney      ☐Attorney for (Signature)

☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant    Attorney or Party without attorney

ADR-CV-2 [Rev 9/04]              Page 1 of 2          www.sanmateocourt.org

11620097 til - 1/3/2008 12:13:45 PM

## STIPULATION AND ORDER TO APPROPRIATE DISPUTE RESOLUTION

_____          _____

Type or print name of ☐Party without attorney         ☐Attorney for (Signature)

☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant         Attorney or Party without attorney

.

_____          _____

Type or print name of ☐Party without attorney         ☐Attorney for (Signature)

☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant         Attorney or Party without attorney

**IT IS SO ORDERED:**

DATE: _____          _____

JUDGE OF THE SUPERIOR COURT OF SAN MATEO COUNTY

11620097.tif - 1/3/2008 12 13:45 PM

Jan-03-2008  12:08    From-GUY KORNBLUM & ASSOCIATES         4154407898         T-438   P 028/047   F-464

Superior Court of California, County of San Mateo

## DIVISION II
## COURT MANAGEMENT - SUPERIOR COURT

### CHAPTER 1. FORM AND SERVICE OF PAPERS

**Rule 2.0  Transfer of Court-Related Functions of the County Clerk to the Superior Court**

Pursuant to the authority contained in Government Code section 69898, the court hereby transfers from the County Clerk to the Superior Court Executive Officer, under the direction of the Presiding Judge, all of the powers, duties, and responsibilities required or permitted to be executed or performed by the County Clerk in connection with judicial actions proceedings, and records.

(Adopted, effective July 1, 1996.)

**Rule 2.1  Form of Papers Presented for Filing**

Reference, CRC, rule 2.100, et seq.

(Adopted, effective July 1, 1996) (Amended effective January 1, 2000) (Amended, effective January 1, 2007)

**Rule 2.1.1 Citations to Non-California Authorities.**

(Adopted, effective July 1, 1996)(Repealed, effective January 1, 1999)

**Rule 2.1.2  Requests for Judicial Notice**

(Adopted, effective July 1, 1996)(Repealed, effective January 1, 1999)

**Rule 2.1.3 California Environmental Quality Act (CEQA)**

If a petition for writ of mandate includes claims under CEQA (Public Resources Code section 21000 et. seq.), the case will be assigned to a judge designated to hear CEQA actions pursuant to Public Resources Code section 21167.1.  Plaintiff shall identify the petition as being filed pursuant to "CEQA" on the face of the petition.

(Adopted, effective January 1, 1999)(renumbered from 2.1.4 effective January 1,2000)

**Rule 2.1.4 Documents Produced Through a Nonparty**

If a party proposes to obtain documents in the custody of a nonparty, as by a subpoena duces tecum, and such documents may be produced by certification or otherwise in lieu of personal appearance by a witness custodian, the request for such documents should specify that they be delivered not later than the first day for which the trial is calendared.

(Adopted, effective January 1, 2000)

11620037.tif - 1/3/2008 12:13:45 PM

PAGE  22/40                  RSL CLAIMS ADMIN            267-256-3551        01/15/2008 10:27

Superior Court of California, County of San Mateo

## CHAPTER 2. CIVIL TRIAL COURT MANAGEMENT RULES
## PART 1. MANAGEMENT DUTIES

Rule 2.2    Trial Court Management

Reference CRC, rules 3.700, 3.710-3.713, 10.900, 10.901

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2007)

## PART 2. CASEFLOW MANAGEMENT

Rule 2.3  New Case Management

This rule applies to all civil cases with the exception of the following: (1) juvenile court matters; (2) probate matters; (3) family law matters; and (4) civil cases which, based on subject matter, have been assigned to a judge, or to more than one judge, for all purposes. For rules applicable to these exceptions, see CRC 2.20, 2.30, 2.570-2.573, 2.585, 2.810-2.819, 2.830-2.834, 3.650, 3.700-3.735, 3.920-3.927, 3.1370, 3.1380-3.1385, 3.1590-3.1591, 3.1806, 5.590, 10.900-10.901, 10.910, 10.950-10.953,.

(a)    Purposes and Goals

The purposes and goals of the San Mateo Superior Court Civil Case Management System effective January 1, 1992 are:

(1)    To manage fairly and efficiently, from commencement to disposition, the processing of civil litigation.

(2)    To prepare the bench and bar for full implementation of the Trial Court Delay Reduction Act (A.B. 3820) on July 1, 1992; and

(3)    To encourage parties to agree to informal discovery early in the life of the case, to use standard form interrogatories and to promote alternative dispute resolution. Nothing in these rules is intended to prevent the parties from stipulating to an earlier intervention by the court by way of a case management conference, settlement conference or any other intervention that seems appropriate.

(4)    In accordance with Sections 3.710-3.715, 10.900, 10.901 of the California Rules of Court, Local Rule 2.3 is adopted to advance the goals of Section 68603 of the Government Code and Section 2.1 of the Standards of Judicial Administration recommended by the Judicial Council.

(b)    Team concept

Beginning January 1, 1994 civil litigation will be managed primarily by a team of two program judges.

The clerk will assign the case to a program judge at the time the complaint is filed. The case shall be managed by the assigned program judge until disposition or until the case is assigned to a trial department.

Jan-03-2008  12:08    From-GUY KORNBLUM & ASSOCIATES    4154407888    T-438  P 030/047  F-464

Superior Court of California, County of San Mateo

(c)    **Cases filed after July 1, 1992**

Upon the filing of a complaint after July 1, 1992, the case shall be subject to all of the civil case management system rules set forth below. Cases filed before July 1, 1992 shall also be subject to these rules except for subsection (d) (Filing and service of pleadings; exceptions).

(d)    Filing and service of pleadings; exceptions.

· (1)    Complaint: Except as provided in paragraph 5 below, plaintiff shall within 60 days after filing of the complaint serve the complaint on each defendant along with:

    (A)    A blank copy of the Judicial Council Case Management Statement;

    (B)    A copy of Local Rule 2.3;

    (C)    The Notice of Case Management Conference.

    If a matter has been submitted to arbitration pursuant to uninsured motorist insurance, the plaintiff shall file a notice to that effect with the court at the time of filing the complaint, or at the time the matter is submitted. The notice shall include the name, address and telephone number of the insurance company, along with the claim number or other designation under which the matter is being processed.

(2)    Cross-complaint: Except as provided in paragraph 5 below, each defendant shall within 30 days after answering the complaint file any cross-complaint (within 50 days if compliance with a governmental claims statute is a prerequisite to the cross-complaint) not already served with the answer under Code of Civil Procedure section. 428.50 and serve with that cross-complaint:

    (A)    A blank copy of the Judicial Council Case Management Statement;

    (B)    A copy of Local Rule 2.3;

    (C)    The Notice of Case Management Conference.

(3)    Responsive pleadings: Except as provided in paragraph 5 below, each party served with a complaint or cross-complaint shall file and serve a response within 30 days after service. The parties may by written agreement stipulate to one 15-day extension to respond to a complaint or cross-complaint.

    If the responsive pleading is a demurrer, motion to strike, motion to quash service of process, motion for a change of venue or a motion to stay or dismiss the case on forum non conveniens grounds, and the demurrer is overruled or the motion denied, a further responsive pleading shall be filed within 10 days following notice of the ruling unless otherwise ordered. If a demurrer is sustained or a motion to strike is granted with leave to amend, an amended complaint shall be filed within 10 days following notice of the ruling unless otherwise ordered. The court may fix a time for filing pleadings responsive to such amended complaint.

(4)    Proofs of service: Proofs of service must be filed at least 10 calendar days before the case management conference.

(5)    Exceptions for longer periods of time to serve or respond:

11620037.tf - 1/3/2008 12 13:45 PM

01/15/2008  10:27    267-256-3551    RSL CLAIMS ADMIN    PAGE 24/48

Jan-03-2008  12:09    From-GUY KORNBLUM & ASSOCIATES    4154407898    T-438  P 031/047  F-464

Superior Court of California, County of San Mateo

(A)    Time to serve may be extended for good cause: Upon ex parte application to the court, *in compliance with California Rule of Court 379(g)*, within 60 days of the date the complaint was filed, plaintiff may obtain an extension of time to serve to a date on or before the case management conference, if good cause is shown by declaration of counsel (or plaintiff filing in propria persona). An additional extension of the time to serve (an initial extension if the application is by a cross-complainant) may be obtained upon written application to the court upon good cause shown before the prior extension has expired. The filing of a timely application for an extension will automatically extend the time to serve by five days, whether or not the application is granted.

Good cause will be found if the declaration shows that the action is filed against a defendant who is an uninsured motorist, and the plaintiff's claim is subject to an arbitration provision in plaintiff's contract of insurance. In determining good cause in other cases, the court will give due consideration to any standards, procedures and policies which have been developed in consultation with the bar of the county through the bench-bar trial court delay committee.

(B)    Additional extension of time if uninsured motorist arbitration is pending. In addition to any extension of time obtained pursuant to subsection (5)(A) above, if an uninsured motorist arbitration is still pending between plaintiff and plaintiff's insurance carrier 30 days prior to the expiration of the extension, plaintiff may obtain an additional extension of time by an ex parte application supported by a declaration showing the scheduled or anticipated date of the arbitration hearing and the diligence of plaintiff in pursuing arbitration.

(C)    Time to respond may be extended for good cause: Before the time to respond has expired, any party served with a complaint or cross-complaint may, with notice to all other parties in the action, make ex parte application to the court upon good cause shown for an extension of time to respond. The filing of a timely application for an extension will automatically extend the time to respond by five days, whether or not the application is granted.

(e)    Case management conference

(1)    Date of conference: Unless the parties stipulate in writing and the court orders that the case be earlier referred to arbitration, a case management conference will be set by the clerk at the time the complaint is filed. (Government Code 68616)

(2)    Attendance at the case management conference is mandatory for all parties or their attorneys of record.

(3)    Plaintiff must serve the Notice of Case Management on all parties no later than 30 calendar days before the conference, unless otherwise ordered by the Court.

(4)    The Court will deem the case to be at-issue at the time of the conference (Reference: CRC 3.714(a)) absent a showing of extraordinary circumstances.

(5)    The conference may be set at an earlier date by order of the Court or by written stipulation of the parties.

(6)    Designation of trial counsel: Trial counsel and, except for good cause shown, back-up trial counsel), must be specified at the case management conference. If such counsel is not

11620097.tif - 1/8/2008 12:13:45 PM

Superior Court of California, County of San Mateo

specified, relief from the scheduled trial date may not be obtained based upon the ground that counsel is engaged elsewhere.

(7)    Conference orders: At the initial conference, the program judge will make appropriate pre-trial orders that may include the following:

(A)    An order referring the case to arbitration, mediation or other dispute resolution process;

(B)    An order transferring the case to the limited jurisdiction of the superior court;

(C)    An order assigning a trial date;

(D)    An order identifying the case as one which may be protracted and determining what special administrative and judicial attention may be appropriate, including special assignment;

(E)    An order identifying the case as one which may be amenable to early settlement or other alternative disposition technique;

(F)    An order of discovery; including but not limited to establishing a discovery schedule, assignment to a discovery referee, and/or establishing a discovery cut-off date;

(G)    An order scheduling the exchange of expert witness information;

(H)    An order assigning a mandatory settlement conference date pursuant to Local Rule 2.3(k) and 2.4; and

(I)    Other orders to achieve the interests of justice and the timely disposition of the case.

(8)    CourtCall Telephonic Appearances

(A)    Reference CRC, Rule 3.670

(B)    Procedure. Telephonic appearances through the use of CourtCall, an independent vendor, are permitted at case management conference hearings. A party wishing to make a telephone appearance must serve and file a Request for Telephone Appearance Form with CourtCall not less than five court days prior to the case management conference hearing. Copies of the Request for CourtCall Appearance form and accompanying information sheet are available in the Clerk's office. There is a fee to parties for each CourtCall appearance and fees are paid directly to CourtCall. CourtCall will fax confirmation of the request to parties.

(C)    On the day of the case management conference hearing, counsel and parties appearing by CourtCall must check-in five minutes prior to the hearing. Check-in is accomplished by dialing the courtroom's dedicated toll-free teleconference number and access code that will be provided by CourtCall in the confirmation. Any attorney or party calling after the check-in period shall be considered late for the hearing and shall be treated in the same manner as if the person had personally appeared late for the hearing.

Superior Court of California, County of San Mateo

(D)    At a case management conference, parties may be referred to an appropriate dispute resolution ("ADR") process (e.g., mediation, binding arbitration or neutral evaluation). If parties are referred ADR, they must redial the dedicated toll-free teleconference number immediately following their case management conference appearance and use a second CourtCall access code to telephonically appear at the ADR referral meeting with ADR staff. If a case has been referred to ADR, a party's case management conference appearance is not complete until they have also telephonically appeared at the mandatory ADR referral. If parties are referred to judicial arbitration, they do not have to appear at the ADR referral.

(f)    Case Management Statement

At least 15 calendar days before the scheduled case management conference, each party shall file with the court and serve on all other parties a completed Judicial Council Case Management Statement. If the case is set for further case management conference hearing(s), all parties must file updated Case Management Statements 15 (fifteen) calendar days prior to the scheduled hearings(s).

(g)    Appropriate Dispute Resolution, ADR, Policy Statement

The Court finds it is in the best interests of parties to litigation to participate in appropriate dispute resolution procedures, including but not limited to mediation, neutral evaluation, private or judicial arbitration, voluntary settlement conferences, and the use of special masters and referees. Therefore, all parties shall stipulate to, or be referred to, an appropriate form of dispute resolution before being set for trial, unless there is good cause to dispense with this requirement. Parties are encouraged to stipulate to judicial arbitration or ADR prior to the case management conference.

(h)    Stipulations to Arbitration

(1)    If the case is at issue, and all counsel and each party appearing in propia persona stipulate in writing to judicial arbitration prior to the case management conference, discovery will remain open following judicial arbitration. A written stipulation to judicial arbitration must be filed with the clerk and a copy immediately sent to the Master Calendar Coordinator at least 10 calendar days before the case management conference in order to avoid the need to appear at that conference. A written stipulation to arbitrate will be deemed to be without a limit as to the amount of the award unless it expressly states otherwise.

(2)    It is the policy of this court to make every effort to process cases in a timely manner. Parties who elect or are ordered b the court to judicial arbitration must complete the arbitration hearing within the time frame specified by the court.

Parties who wish to continue the arbitration hearing after the jurisdictional time frame must submit a court provided form entitled "*Ex Parte Motion and Stipulation for continuance of Judicial arbitration Hearing.*" Parties can obtain a copy of the form by contacting the court's judicial arbitration administrator [See Local Rule 10.1(d)(1). Continuances without adequate grounds will not be considered. A case management judge will either grant or deny the request for continuance. If the request is denied, the case may be assigned a trial date. If the request is granted, the judge will impose a new deadline by which the arbitration must be completed

(3)    Parties who wish to change their election from judicial arbitration to another form of ADR must file a "Stipulation and [Proposed] Order to [Mediation, Neutral Evaluation, etc.] in Lieu of [Court-Ordered] Judicial Arbitration" with the Clerk of the Court. The Stipulation must

11620037.tif - 1/3/2008 12:13:45 PM

Jan-03-2008  12:10   From-GUY KORNBLUM & ASSOCIATES          4154407898          T-438   P 034/047   F-464

Superior Court of California, County of San Mateo

state that parties have: (i) notified both the judicial arbitration and ADR coordinators; (ii) cancelled the judicial arbitration hearing; (iii) scheduled the ADR session within five months of the previously scheduled judicial arbitration hearing; and (iv) stipulated to a trial date, which is not more than six months from the previously scheduled judicial arbitration hearing.

(i)   Stipulations to Private ADR

(1)   If a case is at issue and all counsel and each party appearing in propria persona stipulate in writing to ADR and file a completed Stipulation and Order to ADR with the clerk of the court at least ten (10) calendar days before the first scheduled case management conference, that conference shall be continued 90 days. The court shall notify all parties of the continued case management conference.

(2)   If counsel and each party appearing in propria persona are unable to agree upon an appropriate ADR process, they shall appear at the case management conference.

(3)   Following an appearance at a case management conference hearing, parties shall, within 21 calendar days , file a completed Stipulation to ADR and Proposed Order identifying the name of the ADR provider, date of ADR session and the names of those who will be in attendance at the ADR session. The completed Stipulation to ADR and Proposed Order shall be filed with the court by plaintiff's counsel. The parties, through counsel, if represented, shall confer with the court's Multi-Option ADR Project (M.A.P.) staff if they cannot agree on a provider. Plaintiff's counsel, shall additionally, send a copy of the completed Stipulation to the court's M.A.P. offices within the same 21-day period.

(4)   All parties and counsel shall participate in the ADR process in good faith.

(5)   To maintain the quality of ADR services the court requires cooperation from all parties, counsel and ADR providers in completing ADR evaluation forms, and returning these forms to the M.A.P. offices within 10 calendar days of the completion of the ADR process.

(6)   In accordance with the Code of Civil Procedure, section 1033.5(c)(4), the court, in its discretion, may allow the prevailing party at trial the fees and expenses of the ADR provider, unless there is a contrary agreement by the parties.

(j)   Setting Short Cause Matters

If the parties agree that the time estimated for trial is 5 hours or less prior to the conference, a written stipulation shall be filed at least 10 calendar days before the case management conference in order to avoid the need to appear at that conference and a copy immediately sent to the Master Calendar Coordinator. In the absence of a stipulation, either party may file a motion to have the matter designated a "short cause" and set the case accordingly.  All such matters shall be presumed short cause unless the contrary is established at the hearing on the motion.

(k)   Law and Motion

All law and motion matters shall be heard by the regularly assigned Law and Motion judge.

(l)   Settlement Conferences

All cases not assigned to arbitration or some other dispute resolution mechanism will be assigned two settlement conference dates, the first of which will be at the earliest practicable date under the circumstances presented by the case, and the second within approximately two

11620037.tif - 1/3/2008 12:13:45 PM



Jan-03-2008  12:10   From-GUY KORNBLUM & ASSOCIATES        4154407888        T-438   P 035/047   F-464

Superior Court of California, County of San Mateo

weeks prior to the assigned trial date.

Cases assigned to arbitration or other form of ADR may be subjected to a settlement conference prior to the arbitration or ADR process, but will be assigned to a pre-trial settlement conference only if the arbitration/ADR procedure fails to resolve the case.

All cases which fail to resolve by the trial date will be subject to an additional settlement conference on the trial date.

*All settlement conferences shall be subject to the requirements specified in Local Rule 2.4.*

(m)    Sanctions

Sanctions pursuant to CRC 2.30 shall be imposed for any violation of the civil case management system rules. The minimum sanction imposed shall be $150.00 payable to the court; sanctions payable to the court may be larger where appropriate and will be in addition to appropriate attorney fees and calendar changes, including any appropriate change in calendar status of the action.

Sanctions mandated hereby may be waived by the judge conducting the conference only upon an application showing good cause why sanctions should not be imposed.

(Adopted, effective July 1, 1996)(Amended, effective January 1,2000) (Amended, effective January 1, 2003) (Amended effective July 1, 2003) (Amended, effective January 1, 2005)(Amended, effective January 1, 2006) (Amended, effective January 1, 2007)

Rule 2.3.1 Orders to Show Cause re: Dismissals

(a)    A hearing on an order to show cause why the case should not be dismissed for failure to prosecute the matter shall be set at the two year anniversary of the filing of the complaint and/or cross-complaint.

(b)    An order to show cause hearing shall be set 45 days after court's receipt of notice of settlement.

(c)    An order to show cause hearing regarding dismissals may be set by the court to achieve the interests of justice and the timely disposition of the case.

(d)    An order to show cause hearing re: failure to complete judicial arbitration within the court-ordered time frame may be heard during the case management calendar. Sanctions may be imposed and a trial date may be assigned.

(Adopted, effective January 1,2000) (Amended, effective January 1, 2003)(Amended, effective January 1, 2006)

Rule 2.4 Settlement Conference

Reference: California Rule of Court, rule 222.

(a)    At all settlement conferences, notwithstanding any other Rule:

(1)    The attorney who will try the case or an informed associate with full authority to negotiate a settlement of the case shall personally attend.

11620037 Id - 1/3/2008 12 13 45 PM

01/15/2008  10:27   267-256-3551        RSL CLAIMS ADMIN        PAGE  29/40

Superior Court of California, County of San Mateo

(2)　Any persons whose consent is required to authorize settlement shall personally attend; those parties that are corporations shall have in attendance an officer or other employee with authority to bind the corporation. Powers of attorney, oral or written, granting counsel settlement authority are unacceptable as a substitute for personal attendance at this conference. Defendant and cross-defendant shall personally attend if there is no insurance coverage, if there is an unsatisfied deductible, or if the insurance carrier is demanding that the insured contribute to settlement.

(3)　With respect to any insured party, a representative of the insurance carrier with authority to settle which is meaningful considering the exposure to loss presented shall personally attend. If the claims representative in personal attendance has any limitation on his or her settlement authority, a representative of the carrier who has no such limitations shall be available to the court by telephone and shall remain available until released by the judge conducting the conference, regardless of the time of day at the location of that representative.

(4)　Upon arrival at the department to which the conference has been assigned, counsel shall check in with the clerk and shall verify the attendance of those persons whose presence is required.

(5)　Notwithstanding the provisions of CRC 3.1380(c), no later than five(5) court days before the date set for the settlement conference each party shall lodge with the office of the court administrator and serve on all other parties a written statement setting forth the following:

　　(A)　A statement of facts.

　　(B)　. The contentions of each party to the action regarding liability and damages.

　　(C)　An itemized list of special damages.

　　(D)　In any case in which personal injury is claimed:

　　　　(i)　A description of the nature and extent of any injury claimed, including residuals.

　　　　(ii)　A description of the basis for and method of calculation of any claimed wage loss.

　　(E)　The most recent demand and offer or a description of any other proposed settlement between or among the parties.

(6)　All parties shall be prepared to make a bona fide offer of settlement.

(b)　The personal attendance of any person who is required by these rules to be present may be excused only by the presiding judge upon application made prior to the day on which the conference is scheduled. Any such person whose attendance is excused must remain available by telephone until he or she has been excused by the judge conducting the conference regardless of the time of day at the location of that person.

(c)　No conference may be continued without the consent of the presiding judge or, if known, the judge to whom the case has been assigned for conference.

Superior Court of California, County of San Mateo

(d)    At all such conferences, the judge of the department to which the conference has been assigned shall first attempt to settle the case. If settlement discussions are inconclusive, the judge may adjourn the conference to a later date for further settlement discussions.

(e)    Sanctions pursuant to CRC 2..30 shall be imposed for any violation of this rule. The minimum sanction imposed shall be $150.00 payable to the court; sanctions payable to the court may be larger where appropriate and will be in addition to appropriate attorney fees and calendar changes.

Sanctions mandated hereby may be waived by the judge conducting the conference only upon an application showing good cause why sanctions should not be imposed.

(Adopted, effective July 1, 1996) (Amended, effective January 1, 2003)(Amended, effective July 1, 2005) (Amended, effective January 1, 2007)

## PART 3.  CALENDAR MANAGEMENT

Rule 2.5  Trial Date Settlement Conference

A further settlement conference shall be held on the date the case is called for trial in accordance with the procedures outlined in and with the attendance of those persons designated in Local Rule 2.4.

(Adopted, effective July 1, 1996)

Rule 2.6  Refund of Jury Fees:  Duty to Notify Court

(Adopted, effective July 1, 1996) (REPEALED and Renumbered as Rule 2.7.6)

## CHAPTER 3.  [RESERVED]

Jan-03-2008  12:10    From-GUY KORNBLUM & ASSOCIATES                4154407808              T-438   P.038/047   F-464

Superior Court of California, County of San Mateo

## CHAPTER 4. JURY RULES

**Rule 2.7 Length of Jury Service**

In compliance with CRC 2.1002, a person has fulfilled his or her jury service obligation when he or she has:

(a)     Served on one trial until discharged.

(b)     Been assigned on one day for jury selection until excused by the jury commissioner.

(c)     Attended court but was not assigned to a trial department for selection of a jury before the end of that day.

(d)     Been assigned to a trial department for selection of a jury and has been excused by the trial judge.

(e)     Served one day on call.

(f)     Served no more than 5 court days on telephone standby.

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2007)

**Rule 2.7.1 Proposed Jury Instructions**

(a)     Reference California Rules of Court, Rules 2.1055 and 2.1050.

(b)     The Trial Department shall determine in its discretion the timing of submission of proposed jury instructions.

(Amended, effective January 1, 2002) (Amended, effective January 1, 2006) (Amended, effective January 1, 2007)

**Rule 2.7.2 Duty Of Counsel with Respect to Jury Instructions**

Before delivery of proposed jury instructions to the trial judge and opposing counsel, counsel shall fill in all blanks, make all strikeouts, insertions and modifications therein which are appropriate to the case. Submission of a form, which requires additions or modifications to constitute a complete and intelligible instruction, shall not be deemed a request for such instruction.

In addition to a hard copy of the proposed jury instructions, counsel shall provide the modified instructions on a computer diskette, and a clean copy of the instructions to be given to the jury.

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2006)

**Rule 2.7.3 Form of Proposed Jury Instructions (CCP §§ 607a, 609.)**

All proposed jury instructions shall conform to the requirements of California Rules of Court, Rule 2.1055. Any jury instructions requested after the conclusion of taking evidence shall be in writing. The court, in its discretion, may permit instructions to be sent into the jury room in "Booklet Form". In

11620037 M - 1/8/2008  12:13:45 PM

01/15/2008  10:27    267-256-3551        RSL CLAIMS ADMIN        PAGE  32/48

Jan-03-2008  12:10    From-GUY KORNBLUM & ASSOCIATES                4154407898              T-438  P 038/047  F-484

Superior Court of California, County of San Mateo

"Booklet Format" the text of the instruction is printed continuously on the page and may result in several instructions to the page. Such instructions may be accompanied by a table of contents.

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2006)

### Rule 2.7.4  Changing Jury Instructions

If, after the jury instruction conference and at any time before giving the instructions and verdict and findings forms to the jurors, the trial judge determines to make any substantive change therein, all parties should be so advised on the record outside the hearing of jurors.

(Adopted, effective January 1, 2000)

### Rule 2.7.5  Jury Instruction Conference

Before final argument and after submission to the trial judge of all proposed jury instructions, verdict and findings forms, a conference outside the presence of jurors will be held. Ordinarily, a reporter or recorder is not required at the commencement of such conference.

In the event the trial judge intends to give any instructions or use any form of verdict or findings on the court's own motion, such instructions, verdicts or findings should be delivered to counsel.

The trial judge will then discuss with counsel:

(1)    Whether any requested proposed instructions, verdicts or findings are patently inappropriate and will be voluntarily withdrawn;

(2)    Whether there is any parent omission of instructions, verdicts or findings which are appropriate and that may be given without objection;

(3)    Whether there is any other modification, namely those to which the parties will stipulate.

Counsel shall meet prior to this conference to discuss each other's jury instructions and classify them into (1), (2) and (3) above.

The foregoing unreported conference will generally result in clarification of the matters, and creation of three categories of instructions, verdicts or findings that may be withdrawn, given or modified.

Thereafter, the conference should be reported and the trial judge should confirm for the record the matters agreed upon. The trial judge should also specify those instructions, verdicts and findings forms the court proposes to give, refuse or modify, whether at the request of a party or on the court's own motion. The court will hear any objections to the foregoing and rule thereon.

The trial judge should sign each requested instruction and indicate the disposition thereof, all of which shall be thereafter filed by the clerk. If a requested instruction is withdrawn, counsel shall so indicate by writing "withdrawn" and signing or initialing such instruction.

(Adopted, effective January 1, 2000)

11620037 trl - 1/3/2008 12:13:45 PM

01/15/2008  10:27      267-256-3551        RSL CLAIMS ADMIN          NIWDA SWIAID ISR          PAGE  33/40

Superior Court of California, County of San Mateo

### Rule 2.7.6  Refund of Jury Fees:  Duty to Notify Court

Jury fees shall be refunded pursuant to CCP Section 631.3 only if the party depositing the fees has given the master calendar coordinator written notice, at least two court days before the trial date, that the case settled, dropped or that the party's motion for continuance has been granted.

(Adopted, effective July 1, 2004 [former Rule 2.6])

## CHAPTER 5.  GENERAL RULES

### Rule 2.8  Family Law Rules

The local rules of San Mateo Superior Court relating to Family Law are contained in Division V of these rules, infra.

(Adopted, effective July 1, 1996)

### Rule 2.9  Required Action

Action shall be taken on all calendared cases and a future date for action shall always be set.  No case shall go "off calendar" without a future action being set.

(Adopted, effective July 1, 1996.)

### Rule 2.10  Interpreters and Translators

a)    Notice.  When a party desires an interpreter, it shall be the responsibility of that party to give notice to the Court and all other parties of record.  That party shall make arrangements for the presence and the payment of the interpreter.

b)    Qualifications.  Unless the interpreter is an official court interpreter, the interpreter's name and qualifications shall be provided to the court and opposing counsel five (5) court days prior to the date of the interpreter's appearance .  If the interpreter is an official court interpreter, no prior disclosure is required.

c)    Relations or friends.  Without the consent of all parties, a relation or a friend may not be used as an interpreter or translator in a contested proceeding.

(Adopted, effective January 1, 2000)

**Rules 2.11 thru 2.19 (Reserved)**

## CHAPTER 6.  CIVIL TRIAL RULES

### Rule 2.20  Trial Motions, Briefs, Statements, and Witness Lists

Upon assignment to a trial department for trial by a jury, each party shall file with that department the following:

(1)    Any in limine motions and response thereto;
(2)    Any trial briefs;

2007 Div II - Rules                                212                            Revised 1/1/2007

Jan-03-2008  12:11    From-GUY KORNBLUM & ASSOCIATES       4154407898       T-438  P.041/847  F-464

Superior Court of California, County of San Mateo

    (3)   A concise non-argumentative statement of the case to be read to the jury; and
    (4)   A list of possible witness who may testify in the trial to be read to the jury panel by the court.

    (Adopted, effective January 1, 2002)

### Rule 2.21  In Limine Motions

Any in limine motions shall be served upon opposing counsel not less than five (5) days prior to trial. Any response shall be served upon the proponent of the motion not later than the first appearance in the Department of the Presiding Judge for trial assignment.

    (Adopted, effective January 1, 2002)

### Rule 2.22  Production of Exhibits

Any party intending to offer any exhibit at the time of trial shall be prepared, by the time of assignment to a trial department, with an original and sufficient copies of each such exhibit for all other parties and the court. The court may make, in it discretion, any orders it deems appropriate regarding the exchange and presentations of exhibits.

    (Adopted, effective January 1, 2002)

## RULE NUMBERS 2.23 TO 2.29 ARE RESERVED

## CHAPTER 7.  COMPLEX CASES

### Rule 2.30  Determination of Complex Case Designation.

**A.  Decision of Complex Case to be Made by Presiding Judge**

The Presiding Judge shall decide whether an action is a complex case within the meaning of California Rules of Court, Rule 3.400, subdivision (a), and whether it should be assigned to a single judge for all purposes. All status conferences or other hearings regarding whether an action should be designated as complex and receive a singly assigned judge shall be set in the Presiding Judge's department.

**B.  Provisional Designation.**

An action is provisionally a complex case if it involves one or more of the following types of claims: (1) antitrust or trade regulation claims; (2) construction defect claims involving many parties or structures; (3) securities claims or investment losses involving many parties; (4) environmental or toxic tort claims involving many parties; (5) claims involving massive torts; (6) claims involving class actions; or (7) insurance coverage claims arising out of any of the claims listed in subdivisions (1) through (6).

The Court shall treat a provisionally complex action as a complex case until the Presiding Judge has the opportunity to decide whether the action meets the definition in California Rules of Court, Rule 3.400, subdivision (a).

11520037 tif - 1/3/2008 12:13:45 PM

01/15/2008  10:27    267-256-3551    RSL CLAIMS ADMIN    PAGE  35/40

Jan-03-2008  12:11    From-GUY KORNBLUM & ASSOCIATES                4154407888              T-438  P.042/047  F-464

Superior Court of California, County of San Mateo

## C.   Application to Designate or Counter-Designate an Action as a Complex Case.

Any party who files either a Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.401) or a counter or joinder Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.402, subdivision (b) or (c)), designating an action as a complex case in Items 1, 2 and/or 5, must also file an accompanying Certificate Re: Complex Case Designation in the form prescribed by the Court. The certificate must include supporting information showing a reasonable basis for the complex case designation being sought. Such supporting information may include, without limitation, a brief description of the following factors as they pertain to the particular action:

(1)   Management of a large number of separately represented parties;
(2)   Complexity of anticipated factual and/or legal issues;
(3)   Numerous pretrial motions that will be time-consuming to resolve;
(4)   Management of a large number of witnesses or a substantial amount of documentary evidence;
(5)   Coordination with related actions pending in one or more courts in other counties, states or countries or in a federal court;
(6)   Whether or not certification of a putative class action will in fact be pursued; and
(7)   Substantial post-judgment judicial supervision.

A copy of the Certificate Re: Complex Case Designation must be served on all opposing parties. Any certificate filed by a plaintiff shall be served along with the initial service of copies of the Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.401), summons, and complaint in the action. Any certificate filed by a defendant shall be served together with the service of copies of the counter or joinder Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.402, subdivision (b) or (c)) and the initial first appearance pleading(s).

## D.   Noncomplex Counter-Designation.

If a Civil Case Cover Sheet designating an action as a complex case and the accompanying Certificate Re: Complex Case Designation has been filed and served and the Court has not previously declared the action to be a complex case, a defendant may file and serve no later than its first appearance a counter Civil Case Cover Sheet designating the action as not a complex case. Any defendant who files such a noncomplex counter-designation must also file and serve an accompanying Certificate Re: Complex Case Designation in the form prescribed by this Court and setting forth supporting information showing a reasonable basis for the noncomplex counter-designation being sought.

Once the Court has declared the action to be a complex case, any party seeking the Presiding Judge's decision that the action is not a complex case must file a noticed motion pursuant to Section H below.

## E.   Decision by Presiding Judge on Complex Case Designation; Early Status Conference.

If a Civil Case Cover Sheet designating an action as a complex case and the accompanying Certificate Re: Complex Case Designation have been filed and served, the Presiding Judge shall decide as soon as reasonably practicable, with or without a hearing, whether the action is a complex case and should be assigned to a single judge for all purposes.

Upon the filing of a Civil Case Cover Sheet designating an action as a complex case and the accompanying Certificate Re: Complex Case Designation, the Clerk of the Court shall set a status conference at which the Presiding Judge shall decide whether or not the action is a complex case. This status conference shall be held no later than (a) 60 days after the filing of a Civil Case Cover Sheet by a plaintiff (pursuant to California Rules of Court, Rule 3.401) or (b) 30 days after the filing of a counter

11620097 tf - 1/3/2008 2:13:45 PM

01/15/2008   10:27   267-256-3551   RSL CLAIMS ADMIN   PAGE  36/40

Jan-03-2008  12:11    From-GUY KORNBLUM & ASSOCIATES                4154407898              T-438  P 043/047   F-464

Superior Court of California, County of San Mateo

Civil Case Cover Sheet by a defendant (pursuant to California Rules of Court, Rule 3.402, subdivision (a) or (b)), whichever date is earlier.

Alternatively, in his or her sole discretion, the Presiding Judge may make the decision on complex case designation and single assignment, without a status conference, based upon the filed Civil Case Cover Sheet and accompanying Certificate Re: Complex Case Designation alone.

F.   **Notice.**
The party who seeks a complex case designation or a noncomplex counter-designation must give reasonable notice of the status conference to the opposing party or parties in the action even if they have not yet made a first appearance in the action. Such notice of the status conference shall be given in the same manner as is required for ex parte applications pursuant to California Rule of Court, Rule 379.

G.   **Representations to the Court.**

By presenting to the Court a Certificate Re: Complex Case Designation, an attorney or unrepresented party is certifying to the best of that person's knowledge, information, and belief, formed after reasonable inquiry under the circumstances:

    (1)   That the complex case designation or noncomplex counter-designation is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

    (2)   That the claims, defenses, or other legal contentions referenced therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

    (3)   That the statement of supporting information relevant to the complex case designation or noncomplex counter-designation have evidentiary support or are believed, in good faith, likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

    (4)   That there is a reasonable basis for that party's complex case designation or noncomplex counter-designation.

If, after notice and a reasonable opportunity to be heard, the Court determines that this subpart has been violated, the Court may impose an appropriate sanction upon the attorneys, law firms, or self-represented parties that have violated this subpart.

H.   **The Presiding Judge's Continuing Power.**
With or without a hearing, the Presiding Judge may decide, on his or her own motion or on a noticed motion by any party, that a civil action is a complex case or that an action previously declared to be a complex case is not a complex case.

I.   **Pilot Program; Sunset Provision. (Repealed, effective 1/1/2007).**

**(Adopted, effective July 1, 2004)(Amended, effective July 1, 2005) (Amended, effective January 1, 2006)(Amended, effective January 1, 2007)**

2007 Div II - Rules                                         215                                    Revised 1/1/2007

08/74B    PAGE                    RSL CLAIMS ADMIN                267-256-3551    10:27  08/15/2008

Jan-03-2008  12:11    From-GUY KORNBLUM & ASSOCIATES          4154407898          T-438    P.045/047    F-464

# SAN MATEO SUPERIOR COURT

## COURTCALL TELEPHONIC APPEARANCES

### JANUARY, 2004

Until further notice, voluntary telephonic appearances ("CourtCall Appearances") may continue to be made for Case Management Conferences in Departments 6 (Judge Kopp) and 21 (Judge Foiles), and for Civil Law and Motion matters in Department 1 (Judge Mittlesteadt) from 1/1/04 to 6/30/04 or Department 3 (Judge Freeman) from 7/1/04 to 12/31/04.

Counsel may make a CourtCall Appearance as follows:

1. **NOT LESS THAN FIVE (5) COURT DAYS BEFORE THE HEARING DATE IN DEPARTMENTS 6 AND 21 AND NOT LATER THAN 4:30 P.M. ON THE COURT DAY PRIOR TO HEARING IN DEPARTMENT 1 (1/1-6/30) or DEPARTMENT 3 (7/1-12/31) serve and file with CourtCall (not the Court!) a Request for CourtCall Telephonic Appearance (included in this package);**

2. **Pay a fee of $55.00 to CourtCall, LLC.**

Required filing and payment procedures are detailed within the instruction sheet "How to Use CourtCall," (see reverse). A confirmation from CourtCall, LLC, will be faxed to your office upon the filing and payment outlined above.

A CourtCall Appearance is made as part of a participating Department's usual calendar. Unless notified to the contrary, all counsel who have timely filed their Request and have paid the fee may appear by dialing the toll-free teleconference number provided by CourtCall, LLC. A pre-hearing check-in will occur five minutes before the scheduled hearing time. CourtCall Appearances will generally be afforded a calendar preference.

A CourtCall Appearance is voluntary and may be made without consent of the other party or advance consent of the Court. The Court, however, reserves the discretion to require personal appearance. In matters where only one party elects to make a CourtCall Appearance, the matter will be heard on the Court's speakerphone.

See reverse side for "How to Use CourtCall"

Jan-03-2008  12:12    From-GUY KORNBLUM & ASSOCIATES                    4154407898              T-438  P.046/047  F-464

## COURTCALL, LLC
*Telephonic Court Appearances*
6365 ARIZONA CIRCLE
LOS ANGELES, CALIFORNIA 90045
(TEL) (310) 342-0888 (888) 88-COURT
(FAX) (310) 743-1850 (888) 88-FAXIN

### How To Use CourtCall! – SAN MATEO

#### Filling Out The Form

**1. Serve:** Not less than 5 Court Days before the hearing (or 4:30 PM the Court day prior to hearing for Dept. 1 through 6/30/04 or Dept. 3 from 7/1/04 through 12/31/04) COMPLETELY fill out the original of the Request for CourtCall Appearance (the "Request Form"). Retain the original Request Form in your file. DO NOT FILE IT WITH THE COURT. Check the box indicating the method of payment of the fee. **INCOMPLETE REQUEST FORMS MAY RESULT IN A DELAY IN PROCESSING!!**

**2. Fax to CourtCall:** Fax a copy of the Form to CourtCall not less than 5 Court days prior to the hearing (of 4:30 pm the Court day prior to hearing for Dept. 1 or Dept. 3 as noted above). Do not fail to do so, as the CourtCall Calendar is set through these faxes!! LATE FILINGS, IF ACCEPTED, ARE SUBJECT TO A LATE FEE!!

**3. Payment by Credit Card:** Fill out credit card information *only* on the copy faxed to CourtCall and have that copy SIGNED by the PERSON WHOSE NAME IS ON THE CREDIT CARD.

**4. Payment by Check:** Fax a copy of check - write case # on check-payable to Telephonic Hearing Account to CourtCall with your Form and mail your check and a copy of your Form to CourtCall.

**5. Proof of Payment/CalendarConfirmation:** Under normal circumstances you should receive a Confirmation from CourtCall, by fax, within 24 hours of submission of a completed Request Form. The Confirmation will contain your teleconference number and access code (if any).

IF YOU DO NOT RECEIVE YOUR FAXED CONFIRMATION FROM COURTCALL WITHIN 24 HOURS OF SUBMISSION, CALL COURTCALL IMMEDIATELY TO VERIFY YOUR STATUS - WITHOUT A WRITTEN CONFIRMATION YOU ARE NOT ON THE COURTCALL CALENDAR!

FOR INFORMATION AND QUESTIONS ABOUT A COURTCALL APPEARANCE, CALL COURTCALL, NOT THE CLERK/COURT!

#### When You Make The Call

* YOU MUST CALL THE TOLL FREE NUMBER ON YOUR CONFIRMATION 5 MINUTES BEFORE YOUR SCHEDULED HEARING TIME. NEVER USE A CELLULAR OR PAY PHONE. If prompted, dial your Access Code ** You will be advised whether you are joining the call in progress or if you are the first to call or you may be placed on "music-on-hold."

* If Court has commenced, DO NOT INTERRUPT! You will have an opportunity to speak. If the call is in progress and you hear voices, wait until an opportunity to speak arises without interrupting others. The Clerk may be performing a check-in and will get to you.**

* After check-in wait until your case is called. Use your speakerphone while waiting if you are able to mute the microphone to eliminate ambient noise. When your case is called you MUST USE THE HANDSET. Identify yourself each time you speak and use common courtesy.

* If you are the first person on the call be patient, even if you experience silence or are placed on "music-on-hold," as the Clerk will join the call in due course. As others join you will hear a mild beep-beep" indicating others are on the line. Until your case is called do not speak other than with the Clerk. ** If the Clerk does not join the call within 15 minutes after your scheduled hearing time, have a staff member call CourtCall on our toll free Help Line – (888) 882-6878 and we will be happy to assist you. DO NOT LEAVE THE LINE!

"If the Confirmation from CourtCall does not list an access code with your assigned teleconference number, your matter will be heard privately, not in open court. The 5 minute check-in period will be conducted by a Teleconference Specialist who will conduct the conference in accordance with the Court's instructions. You will be placed on "music-on-hold" while you wait for the Judge to call your matter. The rules regarding cell phones and use of handsets apply. IF YOUR HEARING IS CONTINUED YOU MUST NOTIFY COURTCALL OF THE CONTINUANCE , IN WRITING, PRIOR TO YOUR COURTCALL APPEARANCE TO HAVE YOUR FEE APPLY TO THE CONTINUED HEARING. MATTERS CONTINUED AT THE TIME OF THE HEARING REQUIRE A NEW FORM AND A NEW FEE FOR THE CONTINUED DATE.

08/40    PAGE          NIWDA SMIALC LSR    267-256-3551    01/15/2008  10:27

Jan-03-2008  12:12    From-GUY KORNBLUM & ASSOCIATES        4154407898        T-439  P.047/047  F-464

| ATTORNEY OF RECORD (Name /Address/Phone/Fax): | DO NOT FILE WITH COURT |
|---|---|
| State Bar No. _____ <br><br> ATTORNEY FOR (Name): <br><br> **San Mateo Superior Court** | **COMPLETELY FILL OUT/CORRECT FORM BEFORE SUBMITTING TO COURTCALL!!** |
| | **CASE NUMBER:** <br><br> **JUDGE/DEPARTMENT:** <br><br> **DATE AND TIME:** <br><br> **NATURE OF HEARING:** |
| **REQUEST FOR COURTCALL TELEPHONIC APPEARANCE** | |

1.  _____ (Name of specific attorney appearing telephonically) requests a CourtCall telephonic calendar appearance at the above referenced proceeding and agrees to provisions of the Rule/Order/Procedure Re: CourtCall Telephonic Appearances. **I UNDERSTAND THAT** *I DIAL* **INTO THE CALL FIVE MINUTES BEFORE ITS SCHEDULED START TIME.**

2.  Not less than five Court days prior to hearing (or 4:40 pm the Court day prior for Dept. 28), a copy of this document was served on all other parties and faxed to CourtCall, Telephonic Appearance Program Administrator at (310) 572-4879 OR (888) 88-FAXIN.

3.  The non-refundable CourtCall Appearance Fee in the sum of $55.00 (plus additional fee of $35.00 if late filing is accepted) is paid as follows:

    ☐   Check (copy faxed-write case # on check) payable to CourtCall. DO NOT MAIL ORIGINAL. Signature below authorizes an ACH (electronic) debit in the amount and from the account listed on the check.

    ☐   Charged to CourtCall Debit Account No.: _____

    ☐   Charged to VISA, MasterCard or American Express: _____

    | TO BE COMPLETED ONLY ON THE COPY SUBMITTED TO CourtCall, LLC: |
    |---|
    | Credit Card:    O VISA    O MasterCard    O American Express |
    | Credit Card Number:_____    Expiration Date:_____ |
    | To pay by credit card, the copy of this form submitted to CourtCall, LLC, must be signed by the person whose card is to be charged and must be faxed to CourtCall at (310) 572-4670 or (888) 88-FAXIN with the above credit card information completed. The signature below constitutes authorization to charge the above referenced credit card. |
    | Date: _____    Name on Card: _____ <br>                    Type Name                    Signature |

4.  **Request Forms are processed within 24 hours. Call CourtCall If you do not receive a faxed Confirmation from CourtCall within 24 hours. WITHOUT A WRITTEN CONFIRMATION YOU ARE NOT ON THE COURTCALL CALENDAR AND MAY BE PRECLUDED FROM APPEARING TELEPHONICALLY! COURTCALL'S LIABILITY CONCERNING THIS TELEPHONIC APPEARANCE IS LIMITED TO THE FEE PAID TO COURTCALL.**

Dated:_____        _____
                                                                Signature

4.98.02        **REQUEST FOR COURTCALL TELEPHONIC APPEARANCE**

11620037.tif - 1/3/2008 12.13.45 PM

JS 44 (Rev. 12/07) (cand rev 1-16-08)                    **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| FREDERICK WRIGHT | RELIANCE STANDARD LIFE INSURANCE COMPANY |

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Guy O. Kornblum, Esq.
Guy Kornblum & Associates
1388 Sutter Street, Suite 820
San Francisco, CA 94109

Attorneys (If Known)

Horace W. Green, Esq.
Green & Humbert
220 Montgomery St., Suite 438
San Francisco, CA 94104

8-675 MHP

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | Security Act | ☐ 871 IRS—Third Party | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | ☐ 900Appeal of Fee |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | | Determination |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | Under Equal Access |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | to Justice |
| | Other | | Alien Detainee | | ☐ 950 Constitutionality of |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | State Statutes |
| | | | Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332
Brief description of cause:

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AND "X" IN ONE BOX ONLY)
☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE
January 28, 2008

SIGNATURE OF ATTORNEY OF RECORD