Horace W. Green (SBN 115699)
C. Mark Humbert (SBN 111093)
GREEN & HUMBERT
220 Montgomery Street, Suite 438
San Francisco, California 94104
Telephone: (415) 837-5433
Facsimile:  (415) 837-0127

Attorneys for Defendant
RELIANCE STANDARD LIFE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK WRIGHT, | ) |
|  Plaintiff, | ) Case No. C 08-00675 MHP |
|  v. | ) **ANSWER TO COMPLAINT** |
| RELIANCE STANDARD LIFE INSURANCE COMPANY and DOES 1 through 50, | ) |
|  Defendant. | ) |

:

Defendant Reliance Standard Life Insurance Company ("Reliance Standard"), answering for itself and for no other defendant, hereby answer Plaintiff's Complaint for Damages as follows:

## ANSWER TO JURISDICTIONAL ALLEGATIONS

1.   Answering paragraph one, Defendant is informed and believes, and based thereon admits, that Plaintiff resides within this judicial district.  Except as expressly admitted herein, Defendant denies each and every remaining allegation contained in said paragraph.

2.   Answering paragraph two, Defendant admits that Reliance Standard Life Insurance Company is, and at all times material hereto was, a corporation duly

organized and existing under and pursuant to the laws of the State of Illinois, with its principal place of business in Pennsylvania.  Defendant further admits that Reliance Standard is authorized to do business in California.

3.	Answering paragraph three, Defendant lacks information and belief sufficient to respond to these allegations and, on that basis, denies the allegations contained in said paragraph.

4.	Answering paragraph four, Defendant lacks information and belief sufficient to respond to these allegations and, on that basis, denies the allegations contained in said paragraph.

5.	Answering paragraph five, Defendant admits that effective January 1, 2000, Reliance Standard issued its Group Long Term Disability Policy Number LSC 103976 ("the Policy") to policyholder the City of Vallejo.  Defendant further admits that the Policy provides long term disability benefits under the terms and conditions set forth in the Policy, which speaks for itself.  Except as expressly admitted herein, Defendant denies each and every remaining allegation contained in said paragraph.

6.	Answering paragraph six, Defendant admits that during such time as Plaintiff was an employee of the City of Vallejo, Plaintiff was insured under the Policy under the terms and conditions set forth in the Policy, which speaks for itself.  Except as expressly admitted herein, Defendant denies each and every remaining allegation contained in said paragraph.

7.	Answering paragraph seven, Defendant is informed and believes, and based thereon admits, that Plaintiff sustained injuries on or about August 17, 2003, from which Plaintiff subsequently recovered.  Except as expressly admitted herein, Defendant denies each and every remaining allegation contained in said paragraph.

8.	Answering paragraph eight, Defendant is informed and believes, and based thereon admits, that Plaintiff sustained injuries on or about August 17, 2003, from which Plaintiff subsequently recovered.  Except as expressly admitted herein, Defendant denies each and every remaining allegation contained in said paragraph.

9.  Answering paragraph nine, Defendant is informed and believes, and based thereon admits, that Plaintiff sustained injuries on or about August 17, 2003, from which Plaintiff subsequently recovered.  Except as expressly admitted herein, Defendant denies each and every remaining allegation contained in said paragraph.

10.  Answering paragraph ten, Defendant admits that during such time as Plaintiff was an employee of the City of Vallejo, Plaintiff was insured under the Policy under the terms and conditions set forth in the Policy, which speaks for itself.  Except as expressly admitted herein, Defendant denies each and every remaining allegation contained in said paragraph.

11.  Answering paragraph eleven, Defendant admits that Reliance Standard paid Policy benefits to Plaintiff for the period October 16, 2003 – March 17, 2006, but expressly denies that Plaintiff is entitled to benefits for any period beyond March 17, 2006.  Defendant further admits that Reliance Standard paid such benefits in accordance with the terms and condition of the Policy, which speaks for itself.  Except as expressly admitted herein, Defendant denies each and every remaining allegation contained in said paragraph.

12.  Answering paragraph twelve, Defendant admits Plaintiff submitted to Reliance Standard a request for payment of additional Policy benefits.  Defendant expressly avers that Plaintiff is not entitled to additional Policy benefits.  Except as expressly admitted herein, Defendant denies each and every remaining allegation contained in said paragraph.

13.  Answering paragraph thirteen, Defendant admits that Plaintiff is not entitled to Policy benefits for any period subsequent to March 13, 2006.  Except as expressly admitted herein, Defendant denies each and every remaining allegation contained in said paragraph.

14.  Answering paragraph fourteen, Defendant admits that Reliance Standard communicated with Plaintiff by letter dated February 27, 2007, which letter speaks for itself.  Except as expressly admitted herein, Defendant denies each and every

1  remaining allegation contained in said paragraph.

2      15.    Answering paragraph fifteen, Defendant denies each and every allegation
3  contained in said paragraph.

4      16.    Answering paragraph sixteen, Defendant denies each and every
5  allegation contained in said paragraph.

### ANSWER TO FIRST CAUSE OF ACTION

7      17.    Answering paragraph seventeen, Defendant realleges and incorporates by
8  reference its responses to paragraph 1 through 16, inclusive, as though fully set forth
9  herein.

10      18.    Answering paragraph eighteen, Defendant admits that a contractual
11  relationship existed between Reliance Standard and the City of Vallejo.  Defendant
12  further admits that, during his employment with the City of Vallejo, Plaintiff was insured
13  under the Policy.  Except as expressly admitted herein, Defendant denies each and
14  every remaining allegation contained in said paragraph.

15      19.    Answering paragraph nineteen, Defendant is informed and believes, and
16  based thereon alleges, that Plaintiff paid such premiums as were necessary to maintain
17  Plaintiff's status as an insured under the Policy until March 17, 2006.  Except as
18  expressly admitted herein, Defendant denies each and every remaining allegation
19  contained in said paragraph.

20      20.    Answering paragraph twenty, Defendant denies each and every allegation
21  contained in said paragraph.

22      21.    Answering paragraph twenty-one, Defendant denies each and every
23  allegation contained in said paragraph, and further denies that Plaintiff has been
24  damaged in the amount alleged, or in any amount, or at all.

### ANSWER TO SECOND CAUSE OF ACTION

26      22.    Answering paragraph twenty-two, Defendant realleges and incorporates
27  by reference its responses to paragraphs one through twenty-one, inclusive, as though
28  fully set forth herein.

23. Answering paragraph twenty-three, Defendant denies each and every allegation contained in said paragraph.

24. Answering paragraph twenty-four, Defendant admits that Reliance Standard informed Plaintiff that he is not entitled to Policy benefits for any period subsequent to March 17, 2006.  Except as expressly admitted herein, Defendant denies each and every remaining allegation contained in said paragraph.

25. Answering paragraph twenty-five, Defendant denies each and every allegation contained in said paragraph.

## ANSWER TO THIRD CAUSE OF ACTION

26. Answering paragraph twenty-six, Defendant realleges and incorporates by reference its responses to paragraphs one through twenty-five, inclusive, as though fully set forth herein

27. Answering paragraph twenty-seven, Defendant denies each and every allegation contained in said paragraph.

28. Answering paragraph twenty-eight, Defendant denies each and every allegation contained in said paragraph.

29. Answering paragraph twenty-nine, Defendant admits that it had the resources to promptly and timely evaluate Plaintiff's claim, and specifically avers that it did so.  Except as expressly admitted herein Defendant denies each and every allegation contained in said paragraph.

30.  Answering paragraph thirty, Defendant denies each and every allegation contained in said paragraph, and further denies that Plaintiff has been damaged in the amount alleged, or in any amount, or at all,

31. Answering paragraph thirty-one, Defendant denies each and every allegation contained in said paragraph, and further denies that Plaintiff is entitled to the damages alleged in said paragraph.

32. Answering Plaintiff's Prayer for Relief, Defendant denies each and every allegation set forth in said prayer, and further denies that Plaintiff is entitled to relief in

the amount alleged, or in any amount, or at all.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

33. Plaintiff's Complaint and each purported cause of action contained therein fail to set forth facts upon which relief may be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE

34. Any alleged damage suffered by Plaintiff was in no way caused by, or the result of, any fault, act or omission by Defendant, but rather was caused by circumstances, persons, and/or entities for which and/or for whom Defendant is not and may not be held responsible, including Plaintiff, and for which Defendant cannot be held liable.

### THIRD AFFIRMATIVE DEFENSE

35. Each and every action or statement made by Defendant was a good faith assertion of Defendant's rights and, therefore, was privileged and justified.

### FOURTH AFFIRMATIVE DEFENSE

36. The actions alleged in the Complaint, if and to the extent that they took place, were taken in good faith and were a lawful exercise of sound discretion and Defendant's legal rights, and were based on a rational and reasonable consideration of the facts.

### FIFTH AFFIRMATIVE DEFENSE

37. Defendant is informed and believes, and based thereon alleges, that if Plaintiff sustained any injury, damage, or loss, by reason of any act, error or omission of Defendant (which Defendant denies), said injury, damage, or loss, if any, must be reduced on the basis of the comparative negligence of Plaintiff, which contributed to and proximately caused any such injury, damage, or loss, incurred by Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

38. Any alleged damage suffered by Plaintiff was in no way caused by, or the result of, any fault, act or omission by Defendant, but rather was caused by the actions

of third parties for whom Defendant may not be held responsible and/or liable.

### SEVENTH AFFIRMATIVE DEFENSE

39. Plaintiff had a duty to read the Policy, and may not justifiably rely on any alleged statement that contravenes the express language in the Policy. Therefore, Plaintiff is barred from obtaining the relief he seeks by way of the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

40. Plaintiff had a duty to read the Policy, and may not now complain that it was not what he expected. Therefore, Plaintiff is barred from obtaining the recovery he seeks by way of the Complaint.

### NINTH AFFIRMATIVE DEFENSE

41. All of the claims Plaintiff makes under the Policy are barred and precluded by the provisions, terms, conditions, exclusions, endorsements, and limitations under the Policy.

### TENTH AFFIRMATIVE DEFENSE

42. Plaintiff is not "Totally Disabled" as the Policy defines that term. Therefore, Plaintiff is not entitled to further disability benefits.

### ELEVENTH AFFIRMATIVE DEFENSE

42. The Policy provides that any payment of benefits shall be reduced by "deductible sources of income," as defined in the Policy. Therefore, to the extent that Plaintiff may demonstrate any entitlement to further disability benefits, such benefits must be reduced by the amount of any deductible sources of income that Plaintiff received.

### TWELFTH AFFIRMATIVE DEFENSE

43. Actions such as this, seeking the imposition of extracontractual damages in insurance cases, violate the rights of Defendant guaranteed under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 7 of the California Constitution.

//

### THIRTEENTH AFFIRMATIVE DEFENSE

44. Plaintiff has failed to perform all conditions precedent to entitlement of further benefits under the contract at issue. Therefore, Plaintiff is not entitled to the relief sought in the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

45. If in fact Plaintiff is disabled, such disability did not arise while Plaintiff was covered by the Policy.

### FIFTEENTH AFFIRMATIVE DEFENSE

46. Plaintiff's claim for extracontractual damages is barred by Plaintiff's failure to communicate reasonably and in good faith with Reliance Standard with respect to Plaintiff's medical condition and/or Plaintiff's other sources of income.

### SIXTEENTH AFFIRMATIVE DEFENSE

47. Plaintiff's claim for extracontractual damages is barred by the equitable doctrine of unclean hands.

### SEVENTEENTH AFFIRMATIVE DEFENSE

48. Plaintiff's claim for extracontractual damages is barred by the equitable doctrine of estoppel.

### EIGHTEENTH AFFIRMATIVE DEFENSE

48. Defendant alleges that it may have additional defenses available to it that cannot now be determined due to Plaintiff's failure to set forth his claims with sufficient particularity, and the disclosure of additional facts. Defendant, therefore, reserves its right to amend and/or supplement this Answer with additional affirmative defenses.

WHEREFORE, Defendant prays for the following relief:

1. That Plaintiff's Complaint be dismissed with prejudice, and that Plaintiff take nothing thereby;

2. That judgment be entered in favor of Defendant and against Plaintiff;

3. That Defendant be awarded its costs of suit and attorney's fees; and

4.   For such other and further relief as the Court may deem just and proper.

DATED:  February 19, 2008        GREEN & HUMBERT

By:  **/s/ Horace W. Green**
     Horace W. Green

Attorneys for Defendant
RELIANCE STANDARD LIFE INSURANCE COMPANY