GUY KORNBLUM &
ASSOCIATES
ATTORNEYS

GUY O. KORNBLUM (39974)
MARIA T. MANNING (239830)
1388 Sutter Street, Suite 820
San Francisco, California 94109
Telephone: (415) 440-7800
Facsimile: (415) 440-7898

Attorneys for Plaintiff
FREDERICK WRIGHT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK WRIGHT,<br><br>  Plaintiff,<br><br>  v.<br><br>RELIANCE STANDARD LIFE INSURANCE COMPANY, a corporation; and DOES 1 through 50, inclusive,<br><br>  Defendants.<br>_____<br>RELIANCE STANDARD LIFE INSURANCE COMPANY, a corporation; and DOES 1 through 50, inclusive,<br><br>  Counterclaimant,<br><br>FREDERICK WRIGHT,<br><br>  Counterclaim Defendant.<br>_____ | Case 3:08-cv-00675 MHP<br><br>**ANSWER TO RELIANCE STANDARD LIFE INSURANCE COMPANY'S COUNTERCLAIM** |

Comes now Plaintiff and Counterclaim Defendant FREDERICK WRIGHT (hereafter "Counterclaim Defendant") by way of Answer to Defendant and Counterclaimant Reliance Standard Life Insurance Company's (hereafter "Counterclaimant's") Counterclaim on file against him in this matter:

///

## ANSWER WITH AFFIRMATIVE DEFENSES

### Nature of Action

1. Counterclaim Defendant is not required to respond to the allegations contained in Paragraph 1, because those allegations are merely characterizations of the nature of the action by Counterclaimant and statements as to where it conducts, and the nature of, its business.

2. Answering the allegations of Paragraph 2, Counterclaim Defendant admits said allegations.

### FACTUAL BACKGROUND AND ALLEGATIONS

3. Answering the allegations of Paragraph 3, Counterclaim Defendant admits said allegations.

4. Answering the allegations of Paragraph 4, Counterclaim Defendant states that the Policy speaks for itself.

5. Answering the allegations of Paragraph 5, Counterclaim Defendant admits said allegations.

6. Answering the first allegation of Paragraph 6 of the Counterclaim that Counterclaim Defendant began receiving benefits under the CalPERS system in the monthly amount of $2,559.30 effective October 2003, Counterclaim Defendant denies this allegation. The monthly amount of CalPERS benefits paid to Counterclaim Defendant was $2,270.50.

Answering the further allegation of Paragraph 6 of the Counterclaim, that the CalPERS benefit amount was never deducted as an Other Income Benefit from the monthly benefits paid during October 2003 - March 2006, Counterclaim Defendant admits that no such deduction was made, but further states the correct amount to be deducted per month was $2,270.50, not $2,559.30. Except as expressly admitted herein, Counterclaim Defendant denies the remaining allegations in Paragraph 6.

7. Answering the initial allegation of Paragraph 7 of the Counterclaim that, after it discovered its alleged overpayment to Counterclaim Defendant, it contacted him to request such overpayment be returned, Counterclaim Defendant admits that Counterclaimant contacted him by

1  letter dated February 27, 2007 to request to return of the alleged overpayment. Counterclaim
2  Defendant denies that the amount sought to be repaid was $51,816.48. Based on the calculation in
3  said letter deducting Social Security benefits in the amount of $48,582.12 (improperly) withheld, the
4  actual amount that Counterclaimant demanded is $3,234.36. A true and correct copy of
5  Counterclaimant's February 27, 2007 letter is attached hereto as **EXHIBIT A**.

6  Answering the further allegation of Paragraph 7 that the Counterclaim Defendant declined
7  to repay the overpayment, Counterclaim Defendant admits this allegation as to any amount of
8  overpayment which Counterclaimant contends it is owed. However, Counterclaim Defendant denies
9  that any payment is owed to Counterclaimant.

10  8.  Answering the allegation contained in Paragraph 8, Counterclaim Defendant
11  denies this allegation.

## **FIRST CAUSE OF ACTION - BREACH OF WRITTEN CONTRACT**

13  9.  Counterclaim Defendant incorporates his responses to Paragraphs 1 through 8
14  of this Counterclaim as if fully set forth herein.

15  10.  Answering the initial allegation of Paragraph 10 that Counterclaim Defendant
16  was only entitled to receive $4,081.51 in monthly LTD benefits for 29 months, Counterclaim
17  Defendant denies this allegation pursuant to this stated amount. Counterclaim Defendant contends
18  that the correct net LTD benefit for this period was $4,729.50 monthly (based on a gross benefit of
19  $7,000.00 monthly less $2,270.50 in monthly CalPERS benefits. Counterclaim Defendant also
20  denies the remaining allegations in Paragraph 10.

21  11.  Answering the allegations of Paragraph 11, Counterclaim Defendant denies
22  said allegations.

23  12.  Answering the allegations of Paragraph 12, Counterclaim Defendant denies
24  such allegations.

## **SECOND CAUSE OF ACTION - MONEY HAD AND RECEIVED**

26  13.  Counterclaim Defendant incorporates his responses to Paragraphs 1 through
27  12 of this Counterclaim as if fully set forth herein.

14. Answering the allegations of Paragraph 14, Counterclaim Defendant denies such allegations.

15. Answering the allegations of Paragraph 15, Counterclaim Defendant admits that Counterclaimaint has demanded repayment, but denies the remaining allegations in Paragraph 15.

16. Answering the allegations of Paragraph 16, Counterclaim Defendant denies such allegations.

17. Answering the allegations of Paragraph 17, Counterclaim Defendant denies each and every allegation contained in said paragraph.

### THIRD CAUSE 0F ACTION - RECOVERY OF MONEY PAID BY MISTAKE

18. Counterclaim Defendant incorporates his responses to Paragraphs 1 through 17 of this Counterclaim as if fully set forth herein.

19. Answering the allegations of Paragraph 19, Counterclaim Defendant admits that Counterclaimaint has demanded repayment, but denies the remaining allegations in Paragraph 19.

20. Answering the allegations of Paragraph 20, Counterclaim Defendant denies such allegations.

### FOURTH CAUSE OF ACTION - UNJUST ENRICHMENT/RESTITUTION

21. Counterclaim Defendant incorporates his responses to Paragraphs 1 through 20 of this Counterclaim as if fully set forth herein.

22. Counterclaim Defendant denies each and every allegation of Paragraph 22 of the Counterclaim, specifically denying there was any overpayment of benefits, denies that he has been unjustly enriched in the sum of $51,816.48 or in any amount, and finally denies that he is obligated to make restitution to Counterclaimant in said amount.

### WHEREFORE PARAGRAPH

Counterclaim Defendant is not required to answer the allegations in the WHEREFORE Paragraph as they are characterizations of the relief requested by Counterclaimant. To the extent a response is required, Counterclaim Defendant denies that Counterclaimant is entitled to the relief it

seeks.

## GENERAL DENIAL

Counterclaim Defendant denies all allegations not specifically admitted in the foregoing responses.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Counterclaim Defendant alleges that Counterclaimant has failed to state a claim upon which relief can be granted.

### Second Affirmative Defense

Counterclaim Defendant alleges that Counterclaimant's claims are barred by the doctrine of unclean hands.

### Third Affirmative Defense

Counterclaim Defendant alleges that Counterclaimant's claims are barred by the doctrine of laches.

### Fourth Affirmative Defense

Counterclaim Defendant alleges that Counterclaimant's claims are barred by the doctrine of estoppel.

### Fifth Affirmative Defense

Counterclaim Defendant alleges that any relief requested is barred by the breach of the covenant of good faith and fair dealing which Counterclaimant owed to Counterclaim Defendant.

WHEREFORE, Counterclaim Defendant prays that Counterclaimant take nothing by way of its Counterclaim, that Counterclaim Defendant be awarded all costs of suit, and such other relief as this Court deems appropriate.

DATED: March 4, 2008.                    GUY KORNBLUM & ASSOCIATES

                                         By   /s/ Maria T. Manning
                                             MARIA T. MANNING
                                             Attorneys for Plaintiff

*FREDERICK WRIGHT V. RELIANCE STANDARD INSURANCE CO.*

# EXHIBIT A IN SUPPORT OF FREDERICK WRIGHT'S ANSWER TO RELIANCE STANDARD INSURANCE COMPANY'S COUNTERCLAIM



**RELIANCE STANDARD**
Life Insurance Company

Disability Claims Department
P.O. Box 8330
Philadelphia, PA 19101-8330
(267) 256-3500
(800) 351-7500

*Rec'd 3/1/07*

February 27, 2007

Mr. Frederick Wright
650 Coronado Street
P.O. Box 1445
El Granada, CA 94018

Re:  Policyholder:  Frederick Wright
     Policy No.:    LSC 103976
     Claim No.:     2003-322-061

Dear Mr. Wright:

We have received notification that you are receiving other income in the form of CALPERS benefits, effective October 17, 2003.

As stipulated by the terms of the group policy under which you have been receiving Long Term Disability (LTD) benefits from Reliance Standard Life Insurance Company, other income and benefits you receive or are entitled to receive as a result of your disability reduces the amount of your monthly LTD benefit from us. When other income or benefits are awarded, you may receive a payment for an earlier period of time (retroactive, or past benefits). If your award includes benefits for an earlier period of time, or if you receive other income without notifying us, an overpayment results on your claim. This is because you received deductible income (stipulated in the terms of your group policy) from another source for the same period of time that we paid you a monthly LTD benefit that was not reduced by the other monthly income you received or are now entitled to receive. Please refer to page 8.0 of the group policy for a complete listing of the various benefits that are deductible from your Long Term Disability benefit.

Now that we have been notified you are receiving other income that is deductible from your LTD benefit for a past period of time, an overpayment of your claim has occurred.

Your claim has been recalculated taking into account your entitlement to CALPERS benefits, which began on October 17, 2003. According to our records, during the period October 16, 2003 to March 16, 2006, we paid you a total of $168,523.06. During this period of time, you should have been paid a total of $116,706.58 given that your LTD benefit should have been reduced by your monthly income from your CALPERS benefit. As such, your claim is overpaid by $51,816.48

Please note, we are in receipt of your letter dated January 12, 2007 providing a copy of your Social Security Disability denial by the Administrative Law Judge. Under normal circumstances, we would refund any monies withheld for estimated Social Security Disability upon receipt of the denial notice. However, these benefits have been used to offset the total amount of your overpayment. In addition, we have applied your benefits due for the period March 16, 2006 to March 16, 2007 ($48,582.12) to your overpayment balance. The remaining balance is $3,234.36.

a **DELPHI** company

Please send your reimbursement by check or money order, in the amount of $3,234.36, made payable to Reliance Standard Life Insurance Company to repay the overpayment on your claim. Your full repayment must be received within 15 days from the date of this letter. An addressed envelope is enclosed to assist you in mailing your repayment to us. If you are unable to reimburse RSL in full within 15 days, please contact our office to make payment arrangements.

You may request a review of this determination by submitting your request in writing to:

> Reliance Standard Life Insurance Company
> Quality Review Unit
> P.O. Box 8330
> Philadelphia, PA 19101-8330

The written request for review must be received within 180 days of your receipt of this letter. Your request should state any reasons why you feel this determination is incorrect, and should include any written comments, documents, records, or other information relating to your claim for benefits. Only one review will be allowed, and your request must be submitted within 180 days of your receipt of this letter to be considered

Under normal circumstances, you will be notified in writing of the final determination within 45 days of the date we receive your request for review. If we determine that special circumstances require an extension of time for processing, you will ordinarily be notified of the decision no later than 90 days of the date we receive your request for review.

We will, upon specific request and free of charge, provide copies of all documents, records, and/or other information relevant to your claim for benefits. We will also, upon specific request and free of charge, provide copies of any internal rule, guideline, protocol, or other similar criterion (if any) relied upon in making this determination.

In the event that your claim is subject to the Employee Retirement Income Security Act of 1974 ("the ACT"), you have the right to bring civil action under section 502(a) of the Act following an adverse benefit determination on review. Your failure to request a review within 180 days of your receipt of this letter may constitute a failure to exhaust the administrative remedies available under the ACT, and may affect your ability to bring a civil action under the ACT.

Should you have any questions regarding this matter feel free to contact us.

Sincerely,

Angela D. Thomas, Supervisor
Group Integrated Disability Claims Department